ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* McMILLAN.

Opinion delivered September 30, 1912.

TRIAL—EFFECT OF BOTH PARTIES ASKING A DIRECTED VERDICT—Where each party to an action requests that a verdict be directed in his favor, without requesting other instructions, both parties will be held to have waived the right to a decision by a jury, and the court's direction would have the same effect as the verdict of a jury.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*E. B. Kinsworthy, R. E. Wiley* and *W. V. Tompkins*, for appellant.

1. Penal statutes are strictly construed. A laborer must request, *at the time of his discharge*, that his check be sent to a *certain* place.

2. Morrison was the foreman or keeper of appellee's time when he was discharged. 91 Ark. 122-127; 88 *Id*. 281; 87 *Id*. 132; 82 *Id*. 377.

3. There is no proof that a regular agent was kept at Malvern.

*J. C. Ross*, for appellee.

HART, J. This is an action brought by a laborer against a railway corporation to recover balance due him for wages and the penalty imposed by statute upon a corporation for failing to pay the wages of a discharged employee within seven days from his discharge. The plaintiff recovered judgment in the sum of ninety-four dollars and thirty-five cents, and the defendant has appealed. The plaintiff testified substantially as follows:

"I was employed by the defendant as a carpenter at two dollars and fifty-five cents per day during the month of October and the first three days of November, 1911. During this time I worked four days at Benton, Arkansas, and the balance of the time at Klondyke, Arkansas. On the third day of November Mr. Morrison laid me off. I asked him where our checks would come to, and he said they would come to Malvern, and I agreed to that. I called at Malvern several times, the first time about eight or nine days after I was laid off, and then again after the 15th or 16th of November, and six or seven times after that.

Cross examination: "We were working at Benton when I was laid off, and had been there three days working on the depot. Mr. Gephart was the foreman there. I never told him where to send my check. Mr. Morrison was the foreman at Klondyke, and was in charge of the work at Benton when I was laid off, Mr. Gephart at the time being in Little Rock.

G. H. Morrison testified substantially as follows: "Last

October and November I was carpenter foreman for the defendant. I built a small depot at Klondyke. I was the foreman there, and kept the time for building that depot. Mr. Gephart was foreman of the depot building department at Benton, and he kept the time, I suppose; I did not. It was his business to keep the time. I did not think it was my duty to report the time the men worked at Benton. Gephart was foreman at Benton. He was away some on account of going in and out of Little Rock. He was there so as to keep the time, and I did not keep the time of the men."

Cross examination: "I was in charge when he was not there, and directed Frank McMillan in the work when Gephart was absent. When Gephart and I were both at Benton, he was the boss."

The defendant requested the court to instruct a verdict in its favor. This the court refused to do, but at the instance of the plaintiff instructed a verdict in his favor. In the case of *St. Louis Southwestern Ry. Co.* v. *Mulkey*, 100 Ark. 71, we held: "Each party, by requesting a directed verdict for himself, without requesting other instructions, waived the right to a decision by the jury, so that the court's direction would have the same effect as the jury's verdict."

In the application of this rule to the facts in the present case, we think the judgment should be affirmed.

The evidence of the plaintiff tends to show that Gephart was not present when he was discharged, but that Morrison was there acting as foreman in his stead, that Morrison told the plaintiff that the money due him would be sent to Malvern, and that the plaintiff agreed to that place for receiving payment. The plaintiff was finally paid at Malvern, and it is fairly inferable from this fact and from the connection of the conversation between plaintiff and Morrison at the time of plaintiff's discharge that Malvern was a station on defendant's line of railroad. (*Biggs* v. *St. Louis, Iron Mountain & Southern Ry. Co.*, 91 Ark. 122.)

Therefore, the judgment will be affirmed.