TEXAS HARDWOOD LUMBER COMPANY *v.* RICHARDSON.

Opinion delivered November 2, 1914.

1. UNLAWFUL DETAINER—ACTION—TRANSFER TO EQUITY.—Where the lessee of land failed to pay the rent, and the lessor made demand in writing for the possession of the premises, as required by the statute, upon the failure of the lessee to deliver up the possession of the premises, the lessor may maintain an action for unlawful detainer, which action is cognizable before the circuit court, under Kirby's Digest, § 3633, and such action should not be transferred to equity.

2. APPEAL AND ERROR—INCONSISTENT POSITION—UNLAWFUL DETAINER.—When the lessee, under a lease, after failing to pay the rent, admitted in his answer the lessor's right to demand double rent, as agreed to in the lease, and made a tender of the same, he can not, in an action for unlawful detainer, take a position inconsistent with such admission, that the agreement was for a penalty, against the enforcement of which equity would grant relief.

Appeal from Bradley Circuit Court; *H. W. Wells,* Judge; affirmed.

*B. L. Herring,* for appellant.

1.   The cause should have been transferred to equity. Equity abhors a forfeiture and will not declare a forfeiture for failure to pay rent.   59 Ark. 405-411; 75 *Id.* 410; 77 *Id.* 305; 87 *Id.* 393; *Ib.* 600; 89 *Id.* 195; 91 *Id.* 133.   An equitable defense entitles one to a transfer to equity.   71 Ark. 484; 73 *Id.* 464; 76 *Id.* 423; 95 *Id.* 118.

2.   The forfeiture was waived by act of the landlord. 93 Am. Dec. 303; 40 Mo. 449; 59 Ark. 405-411.

*D. A. Bradham,* for appellee.

1.   The answer sets up no defense exclusively cognizable in equity.   71 Ark. 484; 59 *Id.* 405.

2.   There was no waiver.   1 Bush. (Ky.) 173; 24 Cyc. 1352, note 1361.

3.   Appellee was entitled to possession and all rents due to the trial day and all damages for wrongful detention.   62 Ark. 474; Kirby's Dig., § 3644.

HART, J.   This is an action of unlawful detainer brought in the Bradley Circuit Court by J. W. Richardson against the Texas Hardwood Lumber Company, a corporation.   The case was tried on the 11th day of August, 1913, and there was a verdict and judgment for the plaintiff for the possession of the premises involved in the action and for $60.   The defendant has appealed.

The facts are as follows:   On the 11th day of August, 1912, the Texas Hardwood Lumber Company, by a written contract, leased the premises in controversy from J. W. Richardson for a term of one year with the privilege of renewing for another year by giving ten days' written notice prior to the expiration of the lease.   The Texas Hardwood Lumber Company agreed to pay a rental of $60 per year, payable in advance in regular quarterly installments.   The first payment became due on the day of the execution of the lease and $15 at the beginning of each quarterly period thereafter during the term of the lease.   The lease also contained the following clause: "It is mutually agreed that should any quarterly payment not be made when due, this contract shall be subject to being rendered null at the option of the first party and second party shall be liable to double rent after said time until possession is given."

The defendant took possession of the premises under the lease and used the property as a lumber yard.   Fifteen dollars was paid as soon as it took possession and the next payment was made when it became due.   The installment which became due on February 12, 1913, was not paid.

The plaintiff testified that when that installment became due he went to the office of the company and made demand for that quarter's rent and that the manager of the corporation told him that he thought it had been paid and promised to make an investigation.   Richardson waited on him about a month and then made another demand for the rent, and, upon the defendant corporation refusing to pay him, gave it a written notice that he had cancelled the lease and demanded possession of the prem-

ises, and that he would expect rent from February 12, 1913, until possession of the premises was given at the rate of $30 per quarter. This notice was served on the corporation by the sheriff of Bradley County on the 10th day of April, 1913.

The president of the corporation testified that the plaintiff, Richardson, never demanded rent for the quarter beginning February 12, 1913, and that the reason the defendant failed to pay the rent for that quarter was that it had obtained another lease from him some time in December, 1912, for a tract of land adjoining the premises in controversy and that he thought the premises involved in this controversy were also embraced in that contract.

On the 12th day of April, 1913, the defendant sent a check to the plaintiff for $15 for the rent for the quarter beginning February 12, 1913. On the next day the check was returned by the plaintiff with a demand for $30 to cover the rent for this quarter. The plaintiff also at that time notified the defendant that if he did not receive $30 for the rent for this quarter within a few days that steps would be taken to collect the rent and enforce the terms of the contract. The defendant gave the statutory bond and retained possession of the premises.

On the 6th day of August, 1913, defendant filed its answer and admitted the execution of the lease. The answer alleges that plaintiff exercised his option under the lease to collect $30 per quarter in lieu of $15 per quarter by written notice and demand upon defendant and that it is willing to comply with this. The answer further alleges that plaintiff having made his election to collect $30 per quarter in lieu of $15 per quarter, waived his right to a forfeiture of the lease, and defendant tendered into court $30 per quarter from the 12th day of February, 1913, as rent, and alleges that he stands ready to pay said amount together with interest upon rents in arrears.

On the 6th day of August, 1913, the defendant moved to transfer the cause to equity. The motion was heard by the court and overruled and the defendant at the time

excepted to the ruling of the court and its exceptions were duly noted of record.

It is now contended by counsel for the defendant that the judgment should be reversed because the court erred in not transferring the cause to equity. Section 3630 of Kirby's Digest provides, in effect, that every person who shall fail to pay rent for demised premises when due and after three days' notice to quit and demand made in writing for the possession thereof, shall be deemed guilty of an unlawful detainer. Section 3633 provides that an action for unlawful detainer shall be cognizable before the circuit court of any county in which any such offense may be committed. This act was passed February 5, 1891.

In the case of *Parker* v. *Geary,* 57 Ark. 301, the court held that the failure or refusal of a tenant to pay rent when due and to quit possession after demand made therefor in writing, is under the statute a ground for an action of unlawful detainer in favor of the landlord, independent of its being made a ground of forfeiture under the contract or lease.

Again, in the case of *Lindsey* v. *Bloodworth,* 97 Ark. 541, the court held that the refusal of a tenant to pay rent when due and to quit possession after three days' written notice and demand for possession has been made by the landlord, is sufficient to sustain an action for unlawful detainer.

(1) In the case before us the undisputed evidence shows that the defendant failed to pay the rent when it became due, and that the plaintiff made demand in writing for the possession of the premises as required by the statute. It follows that upon the failure of the defendant to deliver up the possession of the premises the plaintiff was entitled to maintain his action for unlawful detainer, and the court did not err in refusing to transfer the cause to the chancery court.

(2) It is not necessary to decide in this case whether or not the clause of the lease in which it is provided that in the event of the defendant not making any quarterly payment of the rent when due, it should be liable for dou-

ble rent thereafter is a penalty from which equity would relieve it, for the reason that the defendant in its answer admitted that under the contract the plaintiff had a right to exercise his option to collect $30 rent per quarter in lieu of $15 per quarter. Its answer also alleges that the defendant tenders into court the amount of the rent due from the 12th day of February, 1913, until the time of filing the answer, which was the 6th day of August, 1913, at the rate of $30 per quarter, together with interest upon the rent in arrears. Having done this, it could not subsequently interpose a defense inconsistent with this admission.

In its answer it admitted that it owed the plaintiff rent at the rate of $30 per quarter from the 12th day of February, 1913, and it became bound by the terms of its answer and can not now take a position inconsistent with the admissions made in its answer.

The case was tried on the 11th day of August, 1913, and under the admissions of the defendant in its answer it owed the plaintiff at that time the sum of $60. It follows that the court did not err in rendering judgment for that sum.

The judgment will be affirmed.