WILLIAMS v. PRIOLEAU.

Opinion delivered March 27, 1916.

1. RES ADJUDICATA—UNLAWFUL DETAINER—ACTION TO TRY TITLE.—A judgment in an action of unlawful detainer will not be res adjudicata in an action to try the title.

2. EQUITY—PRAYER FOR RELIEF—DUTY OF PLAINTIFF TO DO EQUITY.—Where plaintiffs seek to have an instrument declared a mortgage instead of an absolute deed, they can not then claim that the mortgage does not constitute a lien upon the land because of limitations.

3. EVIDENCE—STATEMENTS OF DECEASED.—In an action not against an executor or administrator, evidence as to transactions with the deceased may be admitted.

4. COSTS AND ATTORNEY'S FEES—ASCERTAINMENT OF AMOUNT OF LIENS—EQUITY JURISDICTION.—Where it is to appellant's interest to ascertain the correct amounts of the liens upon certain lands, and to have the same reduced as much as possible, the lands will be subject to a lien for the payment of the cost of ascertaining said sums.

Appeal from Lonoke Chancery Court; Jno E. Martineau, Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellee brought suit in ejectment against appellants, the widow and children of Gabe Williams, deceased, alleging that she was the owner of the lands described, which had been conveyed to her by a warranty deed executed by Gabe Williams and Lincy Ann Williams on the 14th day of March, 1908.

Appellants moved to dismiss the complaint upon a plea of *res adjudicata,* setting out the record in the unlawful detainer suit in *Prioleau* v. *Williams*, 104 Ark. 322. This motion being overruled, they answered denying the allegations of the complaint, alleged that they had been in the open, notorious and adverse possession of the lands for thirty years, paying taxes thereon; that the alleged deed of conveyance from Gabe Williams and Lincy Ann Williams was a forgery, never having been signed by either of them; that if such a deed was made, it was fraudulently procured, neither of the alleged grantors being able to read or write and pleaded as *res adjudicata* the decision in the above styled case. They then filed a motion to transfer to equity stating that the alleged deed upon which plaintiff relied was not executed as a deed, but was intended as a mortgage to secure certain indebtedness and never intended to operate as a deed; that the consideration for said deed was so grossly inadequate as to show fraud on its face and that it constituted a cloud on the title of defendants, which should be removed. That it should be cancelled as a deed and considered only as a mortgage to secure the amount of $600, a debt to the American Freehold Mortgage Company. The case was transferred to the chancery court.

It appears from the testimony that the lands were conveyed by a warranty deed of the date alleged for a recited consideration of $200 "and the assumption of a mortgage held by the Freehold Land & Mortgage Company of London for $700, and the assumption of any valid mortgages now on record."

The deed purports to be signed by Gabe Williams and Lincy Ann Williams, by their mark, witnessed by

Miss Jennie Pickett, and duly acknowledged before Milton B. Rose, a notary public.

Appellee's husband, who was her agent in the entire transaction, stated that Gabe Williams approached him to borrow some money on the lands, telling him of the indebtedness to the mortgage company and of various mortgages having been executed to one Baum, and of the deed of trust from Baum to his trustee in bankruptcy and that he thought there was more against the land than it was worth and declined to lend the money; that they kept insisting upon it and he finally agreed to buy it for the consideration recited, which he stated was paid by a small amount of cash and a mare of the value of $125 and an old account due him from Williams. He said that the grantors in the deed came in together and made no objection about signing the deed whatever and that the acknowledgment of it was taken before the notary, who read it to them. The notary also testified that the deed was written and the parties came into his office with it and acknowledged the same; that no complaint or objection to it was made when it was read to them.

A great many other things were testified to by R. R. Prioleau as to all the transactions he had had with the deceased, Gabe Williams, and the litigation with Baum and Comer, trustee, in clearing up the title to the land and having an adjudication of the amount due upon the different mortgages and also the amounts paid for attorney's fees and costs of the litigation, amounting to something over $600.

Lincy Ann Williams denied ever having executed a deed to the lands at all to appellee and stated that she never signed but one paper and understood it was a mortgage for supplies. She said also that she had paid the taxes for certain years and exhibited the receipts, some of which were after the transfer of the lands to appellee and receipts from the agent of the Freehold Mortgage Company for interest, which she claimed to have paid. There were some contradictory statements in the testimony for appellee, and her husband explained that the

money with which the interest had been paid to the Freehold Mortgage Company was furnished Lincy Ann Williams by himself and that the taxes were paid by appellant while they were occupying the premises, rent free as agreed between himself and Gabe Williams, during the pendency of the suit against Baum, Comer, Storthz and others to ascertain the amount due under the different mortgages executed to Baum.

The chancellor found the deed was intended as a security for certain indebtedness and moneys and held it to be a mortgage and continued the case until the next term of court for further proof of the indebtedness secured by it. He then found that the amount finally adjudged to be due under the Baum and Comer mortgages, with the expense of the litigation and attorney's fees in the determination of the amount, together with the amount paid by appellee to discharge the mortgage of the American Freehold Mortgage Company and interest, with the $200 furnished at the time of the execution of the instrument was secured by the mortgage and that the amount advanced for supplies for cultivating the land did not constitute a lien against it under the mortgage and decreed that appellants were indebted in the sum of $2,-812.30, for which the land was security under the mortgage and that same constituted a lien thereon for said amount, for which the land was ordered sold and from this decree the appeal is prosecuted.

*Jas. B. Reed* and *Chas. A. Walls,* for appellant.

1. The whole transaction has been so contaminated with fraud and imposition by plaintiff through her agent, that it should be declared null and void *ab initio.* 8 Ark. 146; 84 N. C. 515; 2 Vesey, Sr. 125, cited 1 Lead. Cas. Eq. (4 Am. Ed.) 773.

2. Plaintiff has not come into court with clean hands.

3. The testimony of Prioleau deals with transactions with the deceased; it was incompetent.

4. The purchase was champertous and void. Black's Law Dict., 188; 6 Cyc. 878.

5. The plea of *res adjudicata* should have been sustained.

6. The transaction whereby Prioleau attempts to charge the widow and heirs with the amounts paid on the Baum-Storthz-Williams litigation comes within the statute of frauds. Kirby's Dig., § § 3666, 3668. There are no innocent purchasers involved. All the items of the open account for $714.98 for years 1908, 1909 and 1910 are barred.

7. The plea of limitation should have been sustained.

*Trimble & Williams* and *Blackwood & Newman*, for appellees.

1 There was no fraud nor imposition. The deed was duly signed and acknowledged. Its purpose was understood. 96 Ark. 564-6.

2. There was no champerty. 91 Ark. 407; 17 *Id.* 674; 6 Cyc. 880.

3. In this case the land was not adversely held and even the old common law would not forbid the purchase. As to the suit for an accounting between Gabe Williams and Baum *et al.* to determine the extent of the liens against the land and costs, expenses, etc., there was nothing champertous. The assumption of the mortgages by Mrs. Prioleau was not binding on Baum, or Comer. She had not agreed to pay the mortgage debt so there was no privity between her and Baum or Comer. 42 Ark. 199; 90 *Id.* 426. She had the right to redeem but was not a necessary party. 77 Ark. 379; 30 Cyc. 50.

4. The defense of *res adjudicata is* untenable. The former suit was *unlawful detainer.* Kirby's Dig., § 3650; 104 Ark. 322; 38 L. R. A. (N. S.) 1024.

5. Prioleau's evidence was competent. This suit was against the widow and heirs. Kirby's Digest, § 3093; 37 Ark. 200; 46 *Id.* 378, 383; 79 *Id.* 414, 418.

6. Appellants must do equity under their prayer for relief. 83 Ark. 278. They can not plead limitation. 83 Ark. 278; 11 L. R. A. (N. S.) 825; 61 *Id.* 123; 60 *Id.* 458.

KIRBY, J., (after stating the facts). The undisputed testimony shows that the instrument as executed by Gabe

Williams and Lincy Ann Williams is in form a warranty deed, conveying the lands in controversy, but after a consideration of the whole testimony, which we do not regard altogether clear and convincing, we are unable to say that the chancellor's finding that the instrument executed was only intended as a mortgage and security, is clearly against the preponderance of the testimony.

(1) No error was committed in denying the plea of *res adjudicata,* since the former suit was an action of unlawful detainer in which the title to the premises could not be adjudicated. *Prioleau* v. *Williams,* 104 Ark. 322; Kirby's Digest, section 3648.

(2) The statute of limitations could not avail against the indebtedness held to be secured by the mortgage, in form a deed, even if the testimony had shown that sufficient time had expired to bar the claim. Appellants were asking equitable relief and that an instrument in form a deed be declared to be a mortgage only for the security of certain indebtedness, instead of the conveyance of the title to the lands, and were bound to do equity, and the court would not intervene to declare such instrument a mortgage and then hold that it did not constitute a lien on the land for the debt it was given to secure, on account of the statute of limitations. In other words, as said in *Sturdivant* v. *McCorley,* 83 Ark. 278, 11 L. R. A. (N. S.) 825, "The statute of limitations as to mortgages does not apply to equitable mortgages of this kind evidenced by absolute deeds without any written defeasance."

(3) The objection that the testimony of Prioleau is incompetent as relating to transactions with deceased Gabe Williams is without merit, the suit not being against the executor or administrator of his estate. Section 3093, Kirby's Digest; *Bird* v. *Jones,* 37 Ark. 200; *Mosley* v. *Mohawk Lbr. Co.,* 122 Ark. 227.

(4) It is strenuously urged that the court erred in holding the lands security under the mortgage for the amount of the attorney's fees and costs of the suit brought for an accounting and ascertainment of the

amounts due under the mortgages from Williams to Baum, etc., none of which were satisfied of record, in view of the "assumption of any valid mortgages now on record," as part of the consideration for the execution of the instrument. The different mortgages from Williams to Baum aggregated an amount of more than $3,000 and there was in addition a deed of trust to secure notes amounting to $800 to the American Freehold Mortgage Co. and the record also showed a deed of trust from Baum and wife to Storthz, to secure a thousand dollars. Appellee was only bound to pay the amount secured by valid mortgages existing against the lands in addition to the debt in the said mortgage, but the instrument held to be a mortgage charged the lands with a lien for such payment, and it was to the interest of appellants to reduce the lien of all of said mortgages to the amount that was justly due thereunder and the chancellor correctly held the lands subject to a lien for the payment of the cost of ascertaining said sum, as well as the amount thereof.

Appellee had not assumed the payment of the mortgages to Baum or his trustee and having agreed with Williams to assume the payment of valid mortgages against the land we see no merit in the objection that the suits to determine the amount due under such mortgages were brought in the name of Williams, the grantor in the instrument or conveyance to appellee. 30 Cyc. 50.

After a careful consideration of the whole record, we find no prejudicial error therein and the decree is affirmed.