CHERRY v. KIRKLAND.

Opinion delivered March 3, 1919.

1. ACCOUNT—JURISDICTION.—Where an account involved in a suit consisted of two debit items and about a page of credit items, covering only a short period of time and growing out of and relating to one transaction, and neither intricate nor complicated. the law court properly refused to transfer the cause to chancery.

2. LANDLORD AND TENANT—UNLAWFUL DETAINER—RIGHT OF ACTION.—Under Kirby's Digest, section 3630, a grantee or assignee of a landlord may bring an action of forcible entry and detainer.

3. GOOD WILL—SALE—FALSE REPRESENTATIONS—DAMAGES.—The good will is an asset subject to sale and purchase, and where the sale is induced by fraud the buyer is entitled to damages.

Appeal from Marion Circuit Court; *John I. Worthington,* Judge; reversed.

*Allyn Smith* and *Seawel & Williams,* for appellant.

1. The cause should have been transferred to chancery court as the answer shows there is a long and intricate account between the parties which ought to have been stated by a master. 27 Ia. 234, and cases cited; 48 Ark. 426; 51 *Id.* 98; 31 *Id.* 345; 71 *Id.* 32; 49 *Id.* 568; 6 *Id.* 191.

2. It was error to reject evidence as to the value of the "good will' where the sale was induced by false and fraudulent representations of plaintiff and the "good will" was included in the sale. It was also error to reject evidence as to the damages to Cherry. The evidence was competent and should have been admitted. 131 Pac. 15; 83 Kan. 353; 150 Pac. 1; 1 Ark. 31.

3. The testimony shows that at the time of the sale Mrs. Kirkland owned the buildings, and afterwards sold them to Mr. Kirkland and Cherry became his tenant; that after the retransfer to appellee never attorned to

her nor became her tenant; that she never demanded such attornment and until she properly brought home to him the fact that she was his landlord she could not terminate his tenancy for non-payment of rent nor oust him nor recover rent. Unlawful detainer would not lie unless the relation of landlord and tenant existed. 41 Cas. 432; 31 Ark. 369; 44 *Id.* 444; 29 Cal. 168.

4. The form of the verdict of the jury did not authorize the entry of judgment for possession. It was only for a lump sum of $269. The court also erred in its instructions given and refused and in its modifications of those asked by appellant. Cases *supra.*

*J. A. Comer,* for appellee.

1. Appellee was entitled to recover rents from January 1, 1917, to the date of suit. Appellant admits he owes $325 as rent.

2. Appellant is not entitled to recover back the $2,000 paid appellee as a *bonus* on the merchandise and *good will* of the business. The record is silent as to the value of the "good will." There was no competent proof that the good will was not worth all that was paid for it.

3. Appellant suffered no damages on account of appellee's failure to pay the debts of the mercantile company contracted prior to the sale. His own statements show any damages.

4. Appellant had no right to open up the account after a statement made and a due bill given for the balance due appellee and all the records and books turned over to him and he retained them for more than 18 months without objection.

5. No reason is shown why the case should have been transferred to equity. There were no accounts to state. The matter was properly referred to a jury.

6. There is no proof in the record showing that the relation of landlord and tenant did not exist. Appellee told appellant that she was the owner and expected him to pay rent to her.

7. The finding and form of the verdict of the jury is legal and carried with it the right to possession and there is no error in the court's charge.

HUMPHREYS, J. Appellee instituted suit against appellant on the 2nd day of August, 1917, in the Marion Circuit Court, for forcible entry and unlawful detainer of lot 7, block 4, and lots 8, 9 and 10, block 7, in the town of Rush, all in section 11, township 17 north, range 15 west, in said county, upon which she had constructed a store building, bungalow, hotel, warehouse and pool room, and for rents and damages. Appellee alleged ownership, right of possession, failure of appellant to pay rent after demand, and refusal to quit after notice.

Appellant answered, denying appellee's ownership, right of possession, right to rents or that he unlawfully detained the property; and by way of further defense, filed a cross-bill specifically alleging that his possession of the store building was under written lease, incorporated in a contract for the purchase of goods and the good will of the business conducted in said building; that the sale of stock and good will was induced by representations that the stock was free from incumbrance and that the daily cash sales of the business ran from two hundred to five hundred dollars per day; whereas, the business was indebted between three and four thousand dollars, which destroyed appellant's credit and sales, in a measure, and the good will, was of little value and practically worthless because the daily sales did not exceed $25 or $50; that, on account of these misrepresentations, he was damaged $2,000 which he paid for the good will, and $3,000 for loss of time, clerk hire and depreciation in the value of the goods. Appellant also alleged that appellee was indebted to him in the sum of $1,079.05, balance due on account attached to the cross-bill as an exhibit. Every material allegation in the cross-bill was denied by appellee.

The appellant filed a motion, before trial, to transfer the cause to the chancery court, and renewed it at the

conclusion of the evidence, assigning as a reason for the transfer, that the adjustment of a complicated account was involved as an issue in the case. The motion was denied over the objection and exception of appellant.

The cause was submitted to a jury on the pleadings, oral and documentary evidence and instructions of the court. The jury returned a verdict in favor of appellee for $269, and judgment was rendered for said amount and for possession of the property, from which an appeal has been prosecuted to this court under proper proceedings.

Appellant first insists that the court erred in refusing to transfer the cause to the chancery court. The account attached consisted of two debit items and about a page of credit items covering only a short period of time and growing out of and relating to one transaction. It is neither a running account involving mutual items of debit and credit nor is it intricate and complicated. For this reason, we think a jury could determine the matter as accurately as a master. The court did not err in retaining the cause.

Again, it is contended by appellant that appellee is not in a position to bring suit for forcible entry and detainer under the statutes of this State. The evidence disclosed that appellee was the owner of the lots and building at the time the stock of goods and good will of the business were sold to appellant. In September thereafter, appellee sold and conveyed the property to her husband, O. D. Kirkland. After that time appellant recognized O. D. Kirkland as his landlord and attorned in him as such landlord until the first day of January, 1917. On the 23rd day of December, 1916, O. D. Kirkland, in a divorce settlement with his wife, reconveyed the property by quitclaim deed to her. Appellee testified that in January, 1917, appellant called at her home in Little Rock, at which time she stated to him that the property belonged to her and that he would have to account to her for the rent from that time on. Appellant admitted that, when he called on appellee in Little Rock, she talked to

him about the rents coming to her and about a settlement which she and Mr. Kirkland were about to make, but said that he told her at the time that he did not expect to pay any more rents until she complied with her contract (referring to the contract for the sale of the goods). On February 2, 1917, appellee wrote appellant a letter which he received, of which the following is a part: "Mr. Kirkland and I have made a settlement and the rents are mine; also, the balance on the warehouse money. I wish you would send me a check for rents and as much on the warehouse goods as you can, so I can get all bills paid as soon as possible. Send either to Mr. Clayton or Mr. Comer, my attorneys, or to me."

Appellant did not then question, and, as we understand it, does not now question, that appellee was the owner of the property. Appellant's contention is that the rights of a conventional landlord to institute suit for forcible entry and detainer do not pass to his grantee by deed unless the tenant recognizes the grantee as landlord by attornment or otherwise. Appellant cites *Reay* v. *Cotter,* 29 Cal. 168, in support of his contention. By the statutes of California, the remedy of forcible entry and detainer is conferred upon the landlord only. Under the peculiar wording of the California statute, the court held that the remedy did not pass to the successors in estate to the landlord. The statute of this State is broader and confers the action of forcible entry and detainer upon any person having the right to the possession of the property. Of course, the relationship of landlord and tenant must exist as a basis for the institution of this action, but the statute is broad enough to include the conventional or original landlord, his grantee or assigns in estate. Section 3630, Kirby's Digest. Under the facts in this case, appellee had a right to institute this character of action.

It is also insisted that the court erred in excluding from the jury the issue tendered, and evidence offered in support thereof, of whether the sale of the good will of the business was induced by misrepresentations as to

the amount of daily sales. It was alleged that appellee was induced to pay $2,000 for the good will of the business by representing that the daily cash sales ran from two hundred to five hundred dollars; whereas, the daily cash sales only amounted to $25 or $30. Appellant offered proof tending to establish this allegation, which was excluded by the court. Appellant also requested an instruction presenting that issue to the jury, which was refused by the court. The court took the position that the good will of a business was not a thing the sale of which could be induced by fraud. We think the good will of a business is a tangible thing; that it is a valuable asset. We see no difference between the good will of a business and any other valuable asset possessed by it. The good will of a business has been recognized in the law as an asset subject to sale and purchase. 1 Page on Contracts, section 374; *Bloom* v. *Home Insurance Agency,* 91 Ark. 367. The good will of a business, being a thing of value and subject to sale and purchase, may be induced by false and fraudulent representations just as the sale and purchase of any other property may be so induced.

For the error in excluding this issue from the jury, the judgment is reversed and remanded for a new trial.