CORTIANIA v. FRANCO.

4-8432                                          208 S. W. 2d 436

Opinion delivered February 16, 1948.

*G. T. Sullins* and *Rex W. Perkins,* for appellant.

*Lee Seamster, Charles D. Atkinson* and *Charles W. Atkinson,* for appellee.

ED. F. McFADDIN, Justice. This is an unlawful detainer action. In the court below the appellees, John Franco and Albert Pellin, were the plaintiffs, and the appellants, D. Cortiana and J. Cortiana, were the defendants. We will refer to the parties as they were styled in the trial court.

## FACTS

The Kansas Educational Association of the Methodist Episcopal Church is a corporation organized and existing under the laws of the State of Kansas. A number of years ago this corporation, by mortgage foreclosure, became the owner of certain real estate in Washington county, Arkansas, the possession of which is herein involved. The corporation rented this land each year to the defendants, D. Cortiania and J. Cortiania, husband and wife. On January 29, 1946, the defendants executed a rent note to the corporation for $150 due September 1, 1946, and also signed a rent contract covering the land, which contract provided, *inter alia;*

"6. Should the lessees fail to pay rent as above stipulated, in full, they hereby agree that this lease shall at once terminate at that time, and that they will immediately give peaceable possession of said premises and that no holding over shall be construed as an extension or renewal of this lease."

On October 7, 1946, the plaintiffs filed this action in unlawful detainer against the defendants. The complaint alleged that the plaintiffs were the owners of the land (having acquired title by mesne conveyances from the Kansas Educational Association) ; and that the Cortianias' rent contract and note of $150 had also been assigned by the Association to L. L. Smith, and by Smith

to the plaintiffs. The complaint also alleged that the defendants had failed to pay the rent note due on September 1st; that under section 6 of the contract such failure forfeited defendants' right to possession of the land; and that a notice to quit had been served on the defendants on October 1, 1946.

The defendants filed a general denial; and also filed a cross complaint against the Kansas Educational Association, L. L. Smith and John Franco and Albert Pellin. In the cross complaint the defendants alleged that they held a valid and binding agreement wherein the Association had agreed to sell to these defendants, for the consideration of $5,500, the land described in the rent contract, and being the premises involved in the action; and they tendered the $5,500 and prayed specific performance against said Association. The defendants also alleged that the conveyances from the Association to L. L. Smith and from Smith to John Franco and Albert Pellin, should be canceled. To obtain the relief prayed in the cross complaint, the defendants moved that the entire action be transferred to the chancery court. The circuit court overruled the motion to transfer to equity and later, in effect, dismissed the cross complaint.

On May 5, 1947, the cause was tried in the circuit court. The plaintiffs exhibited: (1) the deed from the Kansas Educational Association, acknowledged September 12, 1946, conveying the land in question to L. L. Smith; (2) the deeds from L. L. Smith to the plaintiffs dated September 30, 1946, conveying the land in question; and (3) the original note and rent contract of January 29, 1946, executed by the defendants to the said Association, and assigned by that corporation to L. L. Smith, and assigned by Smith to the plaintiffs. It was shown that the said rent note due September 1, 1946, was unpaid, and that demand for possession of the premises had been made. The defendants admitted the non-payment of the rent note; but sought to show (1) an offer dated July 8, 1946, made by the Association to the defendants, to sell them the property; and (2) an acceptance of the offer by the defendants. They admitted that

none of the purchase price had been paid, and also admitted that they held no deed from the Association, but insisted that they were entitled to a deed through specific performance of the contract, as they had claimed in their cross complaint.

At the conclusion of all of the evidence, both sides requested an instructed verdict; and the court gave one for the plaintiffs. From the judgment based on that verdict there comes this appeal; and the appellants urge that the trial court erred: (1) in dismissing the cross complaint; (2) in refusing to transfer the entire cause to chancery; and (3) in giving the instructed verdict for the plaintiff.

## OPINION

At the outset we call attention to the case of *Cherry* v. *Kirkland,* 138 Ark. 33, 210 S. W. 344, in which we held that the grantee or assignee of the original landlord could maintain an action of unlawful detainer against the party who was in possession as the tenant of the original landlord. The holding in that case allows the plaintiffs here—Franco and Pellin—to maintain this action. They showed all the essentials for a recovery in an unlawful detainer case—i. e., their position as landlord, a contract of rent, unpaid rent, defendants' forfeiture of the right of possession, and plaintiffs' demand for possession.

What was the defense to the action? Defendants cross complained against the Association for specific performance of an agreement of the Association to convey to the defendants; but that did not constitute a defense in an unlawful detainer action. The trial court, in striking the cross complaint, followed our holding in *Denton* v. *Denton,* 209 Ark. 301, 190 S. W. 2d 291, which is directly in point. In the Denton case we reversed a trial court for entertaining a cross complaint which brought extraneous matters into an unlawful detainer action; and we quoted § 6058, Pope's Digest, which reads: "No cross-action or actions for the recovery of the possession of premises in litigation by the defendant, or

any person claiming under him, against the plaintiff or his lessee shall be brought under this act during the pendency of the first action. Provided, however, that nothing herein shall preclude such party from instituting and prosecuting an action of ejectment for the premises during the pendency of an action under this act." *

This section was also authority for the trial court's refusal to transfer the unlawful detainer cause to the chancery court, because the concluding sentence of the said section allows an ejectment action to be prosecuted even while the unlawful detainer action is pending. Both ejectment and specific performance (as here involved) are essentially proceedings for title and possession: so, the defendants, here, had the right to prosecute a suit in equity for specific performance even while the unlawful detainer action was pending in the circuit court. See *Texas Hardwood Lumber Co.* v. *Richardson,* 115 Ark. 28, 170 S. W. 481 and *DeClerk* v. *Spikes,* 206 Ark. 1004, 178 S. W. 2d 70. In *Dunlap* v. *Moose,* 98 Ark. 235, 135 S. W. 834, we pointed out the singleness of purpose of an unlawful detainer action: "The action of unlawful detainer is only to decide the right to the immediate possession of lands and tenements, and not to determine the right or title of the parties to or in them."

The present unlawful detainer action was filed in the circuit court on October 7, 1946, and was not tried until May 5, 1947, so there was ample time for the defendants to prosecute their specific performance suit. They could not, by interposing equitable claims, convert the unlawful detainer action into another form of proceeding, because other forums were open to them.

A study of § 6058, Pope's Digest, also leads to the conclusion that the general rule—requiring the plead-

---

* This section has an interesting history: It first came into our statutes by § 15 of the Act of January 10, 1845; and continued in the statutes until the Code of 1869, when a different system of forcible entry was devised, which was a justice of the peace proceeding (see §§ 495 to 512, inc., of the Civil Code of 1869). But by Act 48 of 1871, the provision allowing the justice of the peace proceeding was repealed, and the old 1845 act was readopted; and through all the changes from 1871 to date this § 6058, Pope's Digest, has continued in effect,

ing in one action of all possible claims or defenses against the opposing party—does not apply to actions of forcible entry and unlawful detainer; so for that reason Act 334 of 1941 affords no support to the defendants. The defendants may still prosecute a suit in equity for specific performance against the Kansas Educational Association; and may join therein its grantee and these plaintiffs (see *Dunlap* v. *Moose, supra*); but in this present action of unlawful detainer the defendants offered no defense sufficient to take the case to the jury. Therefore, the trial court correctly directed a verdict for the plaintiffs. We also observe that each side requested an instructed verdict, and no other requested instructions appear in the record; so the directed verdict has the force and effect of a jury verdict. See *St. L. I. M. & S. Ry. Co.* v. *McMillan*, 105 Ark. 25, 150 S. W. 112, and other cases in West's Arkansas Digest, "Trial," § 177.

The defendants gave bond and retained possession of the premises until the circuit court trial. Then, they gave a *supersedeas* bond and further retaining bond, and have continued to retain possession of the premises. We affirm the judgment of the circuit court here appealed from; but remand the cause to the circuit court to determine and adjudge the rents and other damages accruing since the judgment, and for execution and other proceedings not inconsistent with this opinion.