WEBB *v.* HERPIN.

4-9255                                        233 S. W. 2d 385

Opinion delivered October 30, 1950.

*M. C. Lewis, Jr.*, for appellant.

GEORGE ROSE SMITH, J. This action in unlawful detainer was brought by the appellants to obtain possession of a house and lot in the city of Hot Springs. The complaint alleged that the principal defendant, Willie Mae Herpin, was occupying the property as a tenant and was wrongfully detaining it after notice to vacate. In her answer the defendant denied these allegations and pleaded that in 1936 she had agreed to buy the property from the plaintiffs' predecessor in title, that the monthly payments under her written contract of purchase had been duly made, etc., with a prayer that the complaint be dismissed. At the trial, the plaintiffs offered testimony to show that the contract of sale had been terminated in 1943 and that thereafter the defendant had been merely a tenant. The defendant met this evidence with proof that the contract was still in force and that her monthly payments had been installments on the purchase price and not rent. The verdict and judgment were for the defendant.

The main arguments for reversal center upon the trial court's action in permitting the defendant to prove her own title in a suit in unlawful detainer. The appellants' theory is that since this is merely a possessory

action the appellee should not have been allowed to show that she had been making payments under an agreement to purchase. It is true that in this form of action the title is not in issue and cannot be given in evidence "except to show the right to possession, and the extent thereof." Ark. Stats. 1947, § 34-1519. Hence if the defendant admits his status as a tenant he cannot defend his possession by asserting title to the land. But this is far from saying that the defendant in unlawful detainer can never prove that he owns the land. The plaintiff, to make a *prima facie* case, must offer evidence that he rented the property to the defendant. If the defendant has denied the landlord-tenant relationship he is entitled to bolster his denial by an attack on his adversary's title. *James* v. *McDuffy,* 133 Ark. 599 (mem.), 202 S. W. 821. In fairness to the defendant the rule could not be otherwise. Suppose that the plaintiff's testimony that he rented the land to the defendant is utterly false. Certainly the defendant ought not to be limited to taking the witness stand and making a bare denial of his opponent's testimony. The strongest possible corroboration of the defendant's contentions would be proof that he had owned the property for years, and that the plaintiff had no semblance of title. Hence we are of the view that the statute permits proof of ownership when the defendant, as here, denies the existence of the asserted tenancy.

The fallacy in the appellants' argument lies in the failure to distinguish what the defendant may *plead* and what he may *prove.* This distinction really goes back to the doctrine of *res judicata.* Ordinarily the binding effect of a judgment is determined by an examination of the pleadings as well as the judgment itself. *Fawcett* v. *Rhyne,* 187 Ark. 940, 63 S. W. 2d 349. Our statute explicitly provides that title is not to be adjudicated in unlawful detainer; the issue is merely the right to possession. But if the defendant were permitted to plead his title, and not merely to prove it, he would be in a position to contend later on that a judgment in his favor amounted to an adjudication of his asserted title. That is what the statute is intended to prevent. Consequently it is the rule that the defendant in this action may deny

the allegation that he rented the land, but if he attempts to amplify his pleading by asserting title in himself the latter allegation should be stricken. *Washington* v. *Moore,* 84 Ark. 220, 105 S. W. 253; *Dunlap* v. *Moose,* 98 Ark. 235, 135 S. W. 824.

In this way alone can the remedy be restricted to its proper scope as a possessory action. This form of action is meant to provide the landlord with a summary means of ousting a tenant who refuses to pay his rent. By making the lease the tenant recognizes his landlord's title, and the latter ought not to be required to jeopardize his ownership whenever he seeks to repossess the land. If the alleged tenant really has a valid claim of ownership he may either defend the possessory action by proving his title, as we have seen, or he may bring a concurrent action to put the title in issue. *Cortiania* v. *Franco,* 212 Ark. 930, 208 S. W. 2d 436.

In the case at bar the appellants moved to strike that part of the defendant's answer by which she pleaded title under her contract of purchase. As a technical matter the trial court should have sustained this motion, lest the defendant convert a judgment in unlawful detainer into an adjudication of title. But the error is rendered harmless when we point out that this judgment is not *res judicata* of the issue of title. *Williams* v. *Prioleau,* 123 Ark. 156, 184 S. W. 847. The appellants may still test that question by a suit in ejectment.

Other arguments for reversal are made, principally with reference to the admissibility of evidence, but we find them to be without merit. Affirmed.