Stillie NICHOLSON
*v.* Lillian NICHOLSON

CA 83-292                              669 S.W.2d 514

Court of Appeals of Arkansas
Division II
Opinion delivered May 30, 1984

*Wilson, Bell & Neal Law Offices,* by: *Olly Neal, Jr.,* for appellant.

*Kinney, Easley & Kinney,* by: *Knox Kinney,* for appellee.

JAMES R. COOPER, Judge. This divorce case involves the chancellor's award of alimony and the division of marital property. The chancellor ordered the appellant to pay $50.00 per week alimony to the appellee, and the sum of $6,000.00 was awarded to her as her half of the marital business. From that decision, comes this appeal.

The evidence indicates that the appellee suffered from poor health and that she could not work to support herself. She testified that she suffered from high blood pressure, back and side problems, and nervousness. The appellant, depending on whether one believed his version or the appellee's, earned either $600.00 per month or approximately $5,600.00 per month gross from his cafe and tavern. He also received approximately $8,000.00 from the rental of non-marital farm lands.

The award of alimony is within the sound discretion of the chancellor and this Court will not reverse his decision on an award of alimony absent an abuse of that discretion. *Stout* v. *Stout,* 4 Ark. App. 266, 630 S.W.2d 53 (1982). While we review chancery cases *de novo,* the chancellor's findings will not be reversed unless they are against a preponderance

of the evidence or are clearly erroneous. *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404; A.R.C.P., Rule 52(a). Based on our standard of review and the evidence presented to the chancellor, we cannot say that his findings are either clearly erroneous or against a preponderance of the evidence.

The appellant also argued that the chancellor erred in finding that the cafe and tavern business was marital property. The appellant had opened the business in 1969 at a different location. In 1974, when the parties were married, they began jointly running the business. After the cafe burned in 1976, the appellant and the appellee borrowed $10,000.00 to rebuild the business. It is not contended that either the building, fixtures, or land upon which the business sits is marital property. The beer license for the business was in the appellee's name alone, since, apparently, the appellant could not have obtained the permit. On these facts, we cannot say that the chancellor's finding that the business constituted marital property was clearly erroneous or against a preponderance of the evidence.

Further, the appellant argues that the chancellor erred in determining that the business had a total value of $12,000.00 since the only thing which that could be based on was the goodwill of the business. We disagree. Goodwill of a business is a valuable assset subject to purchase and sale. *Cherry* v. *Kirkland,* 138 Ark. 33, 210 S.W. 344 (1919).

The appellant also argues that there was insufficient proof to show that the cafe had any goodwill. We disagree. There was ample proof that the business generated substantial income, was a going concern, and that the services it provided had substantial following in the community.

Finally, the appellant argues that the chancellor erred in the manner of computing the net worth of the business. Again, we disagree. The chancellor considered the testimony of the parties concerning the income of the business, and he observed the appellant's income tax return. It is clear that the chancellor had some evidence before him upon which to base his conclusion as to the worth of the business. We cannot say that his finding was either clearly erroneous

or against a preponderance of the evidence. The appellant has failed to bring us a record which demonstrates error, since he did not request that the chancellor make specific findings of fact concerning the manner in which he calculated the worth of the business. Therefore, we have no choice but to affirm. *SD Leasing* v. *RNF Corporation*, 278 Ark. 530, 647 S.W.2d 447 (1983).

Affirmed.

CLONINGER and CRACRAFT, JJ., agree.