2011 Ark. App. 20

**Tina LE, Dennis T. Le and Tony T. Le, Appellants**

v.

**HOANG THI NGUYEN, Appellee.**

**No. CA 10–399.**

Court of Appeals of Arkansas.

Jan. 12, 2011.

Rehearing Denied Feb. 23, 2011.

Marie–Bernarde Miller, Little Rock, for appellant.

Bonnie Joan Johnson, William Gregory Almand, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellants Tina Le, Dennis T. Le, and Tony Le contend that the Pulaski County Circuit Court erred in denying their complaint for unlawful detainer against appellee Hoang Thi Nguyen. Appellants claim that the circuit court erred in determining that the agreement between the parties was an enforceable contract and that the

circuit court acted outside the scope of the unlawful-detainer action in ruling that the agreement was enforceable. We reverse and remand.

## Statement of Facts

Beginning in 2003, appellee Hoang Thi Nguyen rented property located in North Little Rock, Arkansas, from appellants Le under an oral agreement. Tony Le filed bankruptcy under Chapter 13 of Title 11 of the United States Code on May 4, 2005. While the ₂bankruptcy was pending, on June 1, 2006, Tony Le signed a document entitled Agreement to Sell Real Estate, in which he agreed to sell the property to Nguyen and to carry a loan for the purchase price of $106,000. Tony Le was a twenty-five-percent owner of the real property, his former wife, appellant Tina Le, owned a twenty-five-percent interest, and his brother, appellant Dennis Le, owned a fifty-percent interest.

On June 23, 2006, Tony Le filed a motion to sell property in the bankruptcy court. The bankruptcy trustee objected to the terms of the sale, specifically to Tony Le carrying the note, and requested that the motion be denied. On July 26, 2006, the bankruptcy court issued an order withdrawing Tony Le's motion to sell the property.

It is undisputed that Nguyen continued to occupy the property after Tony Le signed the agreement and that she paid various sums of money to Tony Le. The purpose of those payments is in dispute. Tony Le asserts that the payments were for rent on the property and repayment of personal loans to him. He claims that he did not accept payment under the agreement because the bankruptcy court had not approved the sale. On the contrary, Nguyen asserts that payments made after the agreement was signed, as well as certain payments made before the agreement was signed, were part of the purchase price of the property at issue.

Since August 2007, Nguyen has made the payments into her attorney's trust account. On March 20, 2008, Tina Le filed a complaint in unlawful detainer in Pulaski County Circuit Court, seeking possession of the property. The complaint was amended on August 14, 2008, to add Tony Le and Dennis Le as plaintiffs. Following a hearing on November 4, 2008, the ₃circuit court denied the Les' motion for the issuance of a writ of possession in their favor. On April 6, 2009, the circuit court held a bench trial on the Les' amended complaint for unlawful detainer. Tony Le testified that he was discharged from bankruptcy in December 2008. The trial court issued a letter ruling on April 8, 2009, finding that the lease between the Les and Nguyen "ended on June 1, 2006, when the parties entered into an agreement to sell [the property]." Consequently, the trial court denied the Les' complaint in unlawful detainer. The trial court further ruled in its letter as follows:

> The Plaintiffs claim that the real estate agreement was never an executory contract because of Plaintiff Tony Le's bankruptcy. In other words, the Plaintiff is raising as a defense to the real estate contract's validity his own negligence or fraud in drafting or executing the contract. The Plaintiff may not benefit from his actions and he may not now claim that this is a rental agreement. The Court finds that the Plaintiff's Complaint in Unlawful Detainer is dismissed because the Plaintiffs are not entitled to possession of the property.

After reviewing the proposed precedent prepared by Nguyen's attorney on June 23, 2009, the trial court entered an order requiring the parties to brief the issue of whether the signatures of all three owners of the property were required on the

agreement for the sale of the property. The trial court then entered an order on November 25, 2009, finding that even though Tony Le did not have the authority to bind Dennis Le and Tina Le to the agreement to sell the property, the agreement was nevertheless ratified by them. The trial court concluded,

> Therefore, even though the contract for sale is invalid because it lacks the signatures of two of the owners it is enforceable against the Plaintiffs because those owners have ratified Tony Le's unauthorized acts.

Appellants filed a timely notice of appeal from the order, and this appeal followed.

### Standard of Review

■ A circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *Fayetteville Pub. Schs. v. Dial,* 2010 Ark. App. 296, 2010 WL 1379801. The standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court upon considering all the evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

### Discussion

■ Appellants contend that the trial court erred in finding that the agreement was an enforceable contract for sale because the bankruptcy court did not approve the sale; thus, the agreement was void and without legal effect. They cite *Siddiqui v. Gardner (In re Williamson),* 327 B.R. 578 (Bankr.E.D.Va.2005), where, under Virginia law, the court held that a competing bidder and real estate agents did not tortiously interfere with the winning bidder's contract for the purchase of the Chapter 13 debtors' house by submitting a higher and better offer than the purchaser's initial offer. The court held that the purchaser had no protected expectancy, as both contractually and as a matter of bankruptcy law, her contract was contingent on court approval, and prior to the hearing on approval of the contract, the property remained on the market where it was subject to higher or better offers. *Id.* Appellants argue that the trial court's conclusions—that Tony Le could not benefit from action he took to the detriment of Nguyen and that the agreement was enforceable because it was ratified by Dennis Le and Tina Le—are irrelevant to the central issue, which is whether the property could be sold without the permission of the bankruptcy court.

In contrast, Nguyen contends that the issue of bankruptcy is moot because Tony Le was discharged from bankruptcy, and the property was not sold during the bankruptcy pendency. She argues that the bankruptcy trustee did not object to the sale itself, but only to the terms of the sale. Subsequently, Tony Le withdrew his motion to sell; therefore, Nguyen reasons that the executory sale was neither approved nor disapproved by the bankruptcy court. Thus, she asserts that the issue of bankruptcy is moot, as the circuit court did not rule that the agreement was enforceable until after Tony Le had been discharged from bankruptcy.

We disagree. As appellant correctly points out, an executory contract is a contract that is entered into before a bankruptcy is filed, not during the course of the bankruptcy. 2 Hon. William L. Norton, Jr. & William L. Norton, III, *Norton Bankruptcy Law and Practice* § 46:1 (3d ed.2010). However, Nguyen relies heavily on the premise that an executory contract may be entered into during a bankruptcy proceeding, but held in abeyance until the

bankruptcy has been discharged, then reinstated. She attempts to distinguish *Williamson* from the instant case by arguing that an executory real-estate contract is a valid executory contract |₆subject to a condition subsequent under the bankruptcy code. She argues that the condition is that the contract is not accepted by all interested parties and does not bind the bankrupt estate until the bankruptcy court approves a sale. She contends that appellants' argument-that the circuit court lacks jurisdiction to determine whether the agreement is enforceable, when the property is part of a bankrupt estate and is sold without the permission of the bankruptcy court—assumes that the circuit court here ruled while Tony Le was a debtor in bankruptcy. Nguyen asserts that Le had been discharged from bankruptcy in December 2008, and this case was tried on April 6, 2009. Thus, she concludes that the real property was not part of any bankruptcy estate when the circuit court ruled.

Because her premise fails, her argument must fail also. Pursuant to *Williamson*, the bankruptcy court must approve the sale, or there is no contract. It defies logic to contend that a debtor in bankruptcy could enter into a contract to sell part of the bankrupt estate, fail to gain approval from the bankruptcy court, then wait until he is discharged and enforce the same contract. Therefore, we reverse the trial court's ruling regarding the enforceability of the contract and hold that the contract is unenforceable and void.

■ Appellants also claim that the circuit court erred by acting outside the scope of the unlawful-detainer action by ruling that the agreement was enforceable. They contend that the only issue that a court may decide in an unlawful-detainer action is present possession of the property. Arkansas Code Annotated section 18–60–308 (Repl.2003) states that in unlawful detainer actions, the title to the premises in question shall not be adjudicated upon or given |₇in evidence, except to show the right to the possession and the extent thereof. Appellants further contend that the Arkansas Supreme Court has made it clear that any ruling beyond present possession is outside the scope of an action under the unlawful detainer statute. *See, e.g., Webb v. Herpin*, 217 Ark. 826, 233 S.W.2d 385 (1950) (holding that, in an unlawful-detainer action, a defendant may deny the allegation in the complaint that she rented the land involved from plaintiffs, but the allegation in her answer that she had title to the land should be stricken, though she may prove her title to bolster such denial); *Cortiania v. Franco*, 212 Ark. 930, 208 S.W.2d 436 (1948) (holding that an unlawful-detainer action could not, by interposition of an equitable claim, be converted into another form of proceeding, and the trial court properly refused to entertain a cross-complaint for specific performance of an alleged contract to convey and properly refused to transfer the cause to chancery court).

The circuit court had jurisdiction to allow Nguyen to plead her contract with Le as an affirmative defense to an unlawful-detainer action. *See Webb, supra.* Both parties contend that the circuit court's decision does not adjudicate title and that no relief was granted other than the dismissal of Le's complaint. However, this issue has been rendered moot by our reversal of the circuit court's ruling on the validity of the agreement. Upon remand, the circuit court must determine who is entitled to possession pursuant to the unlawful-detainer statute, keeping in mind that the agreement to sell real property is unenforceable.

■ |₈Appellants' amended complaint was for the unlawful detainer of their

property. They asked not only for possession, but also for unpaid rent in a disputed amount. Arkansas Code Annotated section 18–60–309 governs unlawful-detainer actions and states in pertinent part:

> (a) If upon the trial of any action brought under this subchapter the finding or verdict is for the plaintiff, the court or jury trying it shall assess the amount to be recovered by the plaintiff for the rent due and agreed upon at the time of the commencement of the action and up to the time of rendering judgment or, in the absence of an agreement, the fair rental value.
>
> (b) In addition thereto in all cases the court shall assess the following as liquidated damages:
>
>> (1) When the property sought to be recovered is used for residential purposes only, the plaintiff shall receive an amount equal to the rental value for each month, or portion thereof, that the defendant has forcibly entered and detained or unlawfully detained the property; and
>>
>> (2) When the property sought to be recovered is used for commercial or mixed residential and commercial purposes, the plaintiff shall receive liquidated damages at the rate of three (3) times the rental value per month for the time that the defendant has unlawfully detained the property.

Ark.Code Ann. § 18–60–309(a), (b) (Supp. 2009). We have held that the use of the word "shall" in section 18–60–309(b) mandates an award of liquidated damages to the owner in an action for unlawful detainer. *Mendez v. Aguilar*, 2010 Ark. App. 268, 2010 WL 1233841; *Waterall v. Waterall*, 85 Ark.App. 363, 155 S.W.3d 30 (2004).

Accordingly, we remand to the circuit court for findings and conclusions regarding whether appellants are entitled to recover under the unlawful-detainer statutes, and if so, in what amount.

Reversed and remanded.

PITTMAN and ABRAMSON, JJ., agree.