KENNETH S. HIXON, Judge, dissenting. The majority and the other dissenting opinion are both partially correct. Each opinion bases its conclusion on the appropriate burden of proof. Ordinarily all property acquired through marriage is marital property, and the party who is seeking to exclude the property has the burden of proof. See Ark.Code Ann. § 9-12-315; Carroll v. Carroll, 2011 Ark. App. 356, 384 S.W.3d 50. Here, Brave, Inc., was acquired during the marriage, owned fifty percent each by Peter and Marie Brave, rendering it undoubtedly marital property. Brave, Inc.’s assets are presumptively marital. Goodwill of a business is a valuable asset subject to purchase and sale, and it is divisible as marital property. Nicholson v. Nicholson, 11 Ark.App. 299, 669 S.W.2d 514 (1984). The parties presented evidence to support the value of this “ongoing business” through their bookkeeper, who described it as “a unique operation in a hard-to-find location” with a “goodwill” value of $819,057. Our court upheld a division of goodwill in a tavern in Nicholson, holding that “there was ample proof that the business generated substantial income, was a going concern, and that the services it provided had a substantial following in the community.” 11 ArkApp. at 301, 669 S.W.2d 514. The same is true of Brave, Inc. d/b/a/ Brave New Restaurant. If Mr. Brave wants to exclude the value of Brave, Inc.’s goodwill from marital property, he would have the burden of proof to support excluding it. On the other hand, the majority is correct in that if the marital property includes goodwill unique and personal to a licensed professional, then the value of that goodwill is 112retained as the sole property of the licensed professional, unless the nonprofessional spouse can prove otherwise. That exception is found in Wilson v. Wilson, 294 Ark. 194, 741 S.W.2d 640 (1987) and its progeny, indicating that the licensed professional’s goodwill is merely a representation of that person’s future earning capacity. The problem is that the Wilson “professional license goodwill” exception has never been extended in Arkansas beyond a licensed professional practice, specifically a medical or dental practice. Here, Brave, Inc., is not a licensed professional practice. Indeed, the only license at issue here is the liquor license, attained in Marie’s name. Therefore, we have competing burdens of proof depending on whether the goodwill of Brave, Inc., is subject to the general statutory rule of marital property, or whether it is subject to the Wilson professional license goodwill exception. Our job is simple: are we going to expand the scope of the “professional license goodwill” exception to include companies with goodwill that “are unique to the facts of this particular case” as suggested by the majority? What does “under the unique facts of this particular case” mean? Instead of having only a professional license goodwill exception, do we now have a “unique operation in a hard-to-find location” exception? That sounds a lot like an “every small business with a key man” exception. The Arkansas Supreme Court created a very narrow “professional license goodwill” exception in Wilson. If an expansion is to be made, I would defer to the Arkansas Supreme Court to make that sweeping change in our state’s law. Furthermore, I do not believe it is reversible error for the circuit court to correctly apply existing law, with no way of knowing that a majority of judges on our divided court would make such a change. Because Peter 1 ^failed to demonstrate reversible error, I would affirm.