DUNLAP *v*. MOOSE.

Opinion delivered March 6, 1911.

LANDLORD AND TENANT—ESTOPPEL TO DISPUTE LANDLORD'S TITLE.—In an
  action of unlawful detainer the tenant is estopped to deny the land-·
  lord's title, though, after having surrendered possession, the tenant
  may bring ejectment to recover possession.

Appeal from Perry Circuit Court; *F. Guy Fulk*, Judge;
affirmed.

### STATEMENT BY THE COURT.

Wm. L. Moose and J. W. Massey brought an action of
unlawful detainer against A. L. B. Dunlap for possession of cer-
tain lands in Perry County, describing them, and alleged:

"That, being the owners of said lands, on January 27, 1909,
plaintiffs rented and leased the same to the defendant, A. L. B.
Dunlap, for the remainder of the year 1909, and the defendant
went into possession thereof and occupied and cultivated said
lands as tenant of the plaintiffs, and paid to plaintiffs the amount
of rent for said premises which he had contracted to pay. Plain-
tiffs state further that the defendant refused to deliver possession
of said premises at the end of the year, 1909, and still refuses to
vacate them, although duly notified to quit and deliver up posses-
sion thereof.

"Wherefore plaintiffs pray for judgment," etc.

To this complaint appellant filed the following answer and
cross complaint and motion to transfer to equity:

"Comes the defendant, A. L. B. Dunlap, and for answer to
the complaint of plaintiffs says that he did not rent said lands
from plaintiffs, Moose and Massey, for the year 1909; and says
that the truth is as follows: That said Moose and Massey are
not the owners of said lands, or any part thereof; says they did
not own it in 1909; says that he purchased said lands from one
Doc Williams, now deceased, and said Williams executed to him,

prior to 1900, a deed to said lands, and in 1909, he was the lawful owner of said lands; and that he has had continuous, adverse, peaceable possession of said lands for more than ten years, up to the bringing of this suit; and says that he left with Martin & Horton his said deed to said lands, and that plaintiffs got said deed from them, and has it at this time; and that he never had said deed recorded, for which reason he cannot attach a copy hereto; and that said Moose and Massey have not at any time been the rightful owners of said lands. Says that on the 23d day of January, 1909, he was owing at that time a debt to Martin & Horton; that they claimed to be $850, for which Martin & Horton held a mortgage against said lands; and defendant says that he didn't believe that it amounted to as much as $850; and that he got plaintiffs to advance and loan to him the sum of $750 to settle and pay off said claim and mortgage to Martin & Horton; and says that said Moose and Massey did loan him the sum of $750, and did with said $750 pay off the debt that Martin & Horton claimed that he owed them; and, to secure the payment of said $750, he offered to execute a mortgage to Moose and Massey upon said lands; and they refused to take an ordinary mortgage, and had him execute a deed to said lands to them, reciting the purchase of said lands for the sum of $850; copy of said deed is attached hereto, as 'Exhibit No. 1,' and made a part hereof; and at the same time said Moose and Massey made a written contract and delivered it to defendant in words and figures as follows: 'Having purchased from A. L. B. Dunlap his home place, consisting of 26½ acres, in Union Township, Perry County, Arkansas, for $850, and received their warranty deed therefor. Now, if said Dunlap shall pay November 1, 1909, one-half of said sum with 10 per cent. interest per annum thereon, and shall also pay to us the amount of any advances in money or supplies that we may furnish him this year, with lawful interest thereon, and all taxes or other lawful assessment we may pay on said lands, the same to be due November 1, 1909, and shall pay us November 1, 1910, the remaining half of said purchase money with ten per cent. interest thereon, together with the amount of any advances we may make him for the year 1910, then we will reconvey to him said land. But time is of essence of this agreement; and if said Dunlap shall fail from any cause to pay the

amount that may be due November 1, 1909, and 1910, in full, on or before said day in each of said years, this contract shall be null and void and of no legal effect; and said Dunlap hereby accepts this contract with conditions thereof.

"'January 23, 1909.

"'W. L. Moose and J. W. Massey.

"'A. L. B. Dunlap.'

"Copy of the above contract as set forth is made 'Exhibit No. 2' and a part hereof.

"Defendant says that said deed 'Exhibit 1' and said written contract 'Exhibit 2' were executed at the same time, and are one and the same agreement—and says that plaintiffs, not being satisfied with the description set forth in 'Exhibit 1,' wrote out another pretended deed, and had him and his wife execute same to them on January 27, 1909; copy of same is attached hereto as 'Exhibit 3,' and made a part of this answer.

"Defendant says that said pretended deeds Exhibits 1 and 3, and said written contract, 'Exhibit 2,' were all one and the same agreement. Says that at the time said pretended deed made 'Exhibit 1,' and said written contract made 'Exhibit 2,' were executed, the said Moose and Massey required him to execute to them a chattel mortgage on his crops to be grown on his said lands for the year 1909 in the sum of $135, which was to cover and secure the rent and profits from said lands for the year 1909, together with any supplies they might furnish him; and that the said chattel mortgage was due and payable November 1, 1909; and was duly recorded in Perry County, Arkansas, in record book G, page 170. A copy of said chattel mortgage is also attached hereto and made 'Exhibit 4.' Says that pretended deeds made Exhibits 1 and 3, and said written contract made Exhibit 2, and said chattel mortgage made 'Exhibit No. 4,' are all one and the same agreement. Defendant says that said pretended deeds and written contract were and are only a mortgage, intended to secure the payment of the sum of $850, set forth in said deed and written contract, and denies that plaintiffs ever paid him the said sum of $850 for the execution of said deeds; and denies that he paid him the sum of $850 for the purchase of said lands, or any part thereof, at the time he executed said pretended deeds, but says some time before they had loaned to him $750 by paying

Martin & Horton $750 for him; and then, to wrap up and conceal the usury exacted in said loan, they added $100 to the $750, and took a pretended deed from him for the $750 and $100, making $850; and says that the said $100 was added in as interest, and was and is usury charged for the use of only $750 as per written contract, and says that the interest at ten per cent. charged upon the $100 from the dates of said written contract is also usury upon usury.

"Defendant says that said chattel mortgage made 'Exhibit 4,' being a part of the usurious contract set forth in the pretended deed and written contract, was without any consideration, and made to beat and cheat him out of the rents and profits from said lands; and to better enable them to force him to pay the said usury in the sum of $100, with the interest thereon; and says there was no consideration for the execution of said chattel mortgage as aforesaid, and now pleads want of consideration as to said chattel mortgage. Defendant says that said deeds, said written contract and said chattel mortgage were each and all executed for the fraudulent purpose of covering up and concealing the usury charged in said contract in the sum of $100, and interest thereon. Defendant says that he was forced to pay off said chattel mortgage in the sum of $135, and now says that said plaintiffs are due him $135 for the same as money had and received belonging to him, with interest at six per cent. per annum thereon from November 1, 1909. Defendant says that this suit was brought against him on March 14, 1910, and within ten days thereafter he was put out of possession of said lands by the sheriff of Perry County under the order of this court; and says that said suit was wrongfully sued out by the plaintiffs, and the said order should never have been made and served, and says that plaintiffs have damaged him in the sum of $200 by the wrongful bringing of this suit and having him put out of possession of said lands. Wherefore defendant prays that this be taken as his answer and cross complaint against the plaintiffs; and that it also be taken as a motion to transfer to equity, and that this cause be transferred to equity, and that upon final hearing said loan be declared usurious, and that both of said pretended deeds be set aside and held to be null and void, and removed as a cloud from his title to said lands; and that he have and recover the sum

of $135 with interest thereon for the wrongful taking of said sum under said chattel mortgage; and that he recover $200 damages for the wrongful suing out of this suit and putting him out of possession of said lands, and that he have possession of said lands and for other relief."

Copies of both deeds were filed as exhibits 1 and 3 to the answer, the first reciting in the description "and being the same land which is under mortgage to Martin & Horton to secure certain indebtedness due from us;" the second, made four days thereafter, containing a more definite description of the land and leaving out said recital contained in the first.

Plaintiffs filed a motion to strike out all the answer except the first sentence. The defendant demurred to the motion to strike, the demurrer was overruled, the motion sustained, and all the answer ordered stricken out except said first sentence, viz:

"Comes the defendant, A. L. B. Dunlap, and in answer to the complaint of plaintiff, says that he did not rent the said land from plaintiffs, Moose and Massey, for the year 1910, and says the truth is as follows."

The defendant excepted to this ruling of the court, and conceded that, under the court's ruling on the only point left in issue by the answer, the plaintiffs would be entitled to recover possession of the lands.

The court rendered judgment for plaintiffs and defendant appealed.

*P. H. Prince,* for appellant.

The court erred in sustaining demurrer to defendant's answer. 60 Ark. 606. The answer set out a good defense and should have been sustained. 55 Ark. 270; 47 Ark. 287; 36 Ark. 248. A conveyance based upon a usurious contract passes no title. 52 Ark. 373; 53 Ark. 345; 54 Ark. 155; 55 Ark. 318. Defendant must plead all defenses, both legal and equitable. Kirby's Dig. § 6098; 70 Ark. 505; 57 Ark. 500; 71 Ark. 487. The case should have been transferred to chancery. Kirby's Dig. § 5995. Action of unlawful detainer can only be maintained when the relation of landlord and tenant exists. 10 Ark. 43; 44 Ark. 444; 55 Ark. 318.

*Wm. L. Moose,* for appellees.

Title to the land is not involved in an action of unlawful detainer. Kirby's Dig., § 3648; 40 Ark. 192; 38 Ark. 587. Tenant cannot dispute landlord's title. 84 Ark. 220. There was no usury in the transaction. 25 Ark. 258; 41 Ark. 351; 55 Ark. 268; 91 Ark. 461.

Kirby, J., (after stating the facts). The action of unlawful detainer is only to decide the right to the immediate possession of lands and tenements, and not to determine the right or title of the parties to or in them. A tenant cannot dispute the title of his landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title, but must first surrender possession and bring his action. *Washington* v. *Moore,* 84 Ark. 220.

The portion of the defendant's answer stricken out might have been, if true, a defense to an action of ejectment for the lands, and he is not precluded by judgment against him in unlawful detainer for the possession from setting up such facts in a proper suit, if they constitute a cause of action. The court committed no error in striking out that portion of the answer. The paragraph of the answer not stricken out put in issue the right to the possession, and appellant conceded plaintiff's right to recover thereon, under the facts.

The judgment is affirmed.