Cole *v.* Sparks.

4-7083                                     172 S. W. 2d 20

Opinion delivered May 31, 1943.

H. R. Partlow, H. G. Partlow and Gene E. Bradley, for appellant.

Chas. D. Frierson, for appellee.

HOLT, J.   Lee Cole died intestate February 3, 1936. He left surviving his widow, Virgie Cole, and the following children as his only heirs: Charles Cole, Nettie Cole Sparks (children by a second marriage), and Casey, Mayo, Bill, Ruby and Roosevelt Cole. Lee Cole had been married three times and Virgie was his third wife.

Mayo, Bill, Ruby and Roosevelt Cole are minors and are the appellants here. At the time of Lee Cole's death, he, together with his wife and the four minor children, was living upon the land involved here, "lots 5, 11, 12 and the south seven acres of lot 4, all in section 2, township 15 north, range 6 east, of the fifth principal meridian," all in the Eastern District of Craighead county, Arkansas. He had homesteaded this land about the year 1922, had moved upon it, and occupied it until his death. This land lay within the boundaries of Bay & St. Francis Drainage District No. 29 of Craighead

county, Arkansas, assessments for betterments against the land became delinquent, it was sold to the drainage district under foreclosure for these delinquent assessments and a deed made to the district. The validity of this sale is unquestioned and title absolute to the land was in the drainage district at the time of Lee Cole's death, the time for redemption having expired.

Roy Sparks was the husband of Nettie Cole, sister of Charles Cole. On February 12, 1937, after the death of Lee Cole, Roy Sparks purchased lots 11 and 12 and the south seven acres of lot 4 (approximately 55 acres) from the drainage district and secured a deed therefor. On the same date L. W. Norton purchased lot 5 (approximately 40 acres) from the drainage district, and secured a deed. Following these purchases from the drainage district by Sparks and Norton, Virgie Cole, the widow and mother of the four minor heirs involved, and the other adult children of Lee Cole, conveyed to Sparks and Norton, by deeds, any and all interest claimed by them in the land.

September 13, 1940, the four minor appellants by Nolan McCary, as their next friend, brought suit against the appellees, the general nature and purpose of which was to secure an accounting between alleged co-tenants and to set aside certain conveyances. Among other things they alleged that Lee Cole, their father, at the time of his death, February 3, 1936, owned and occupied the land here involved; that they were entitled to homestead rights therein; that the deeds to Sparks and Norton from Drainage District No. 29, *supra,* in February, 1937, "amounted only to a redemption for the benefit of all the tenants in common, subject to the homestead rights of the minor heirs; that these minor plaintiffs are entitled to the rents and profits from said lands for the years 1937, 1938, 1939, 1940"; that the deeds from their mother and other adult heirs to Sparks and Norton conveyed no title that would affect their homestead rights. They further alleged: "That the defendants, Roy Sparks and L. W. Norton, through a connected combination and scheme, have been guilty of fraud, have designed and planned to defeat the rights of these minors to their

homestead," and prayed "that the various instruments recited be declared a redemption; that said lands be declared the homestead of these minor plaintiffs, and that they have the use and benefit of the same so long as they may be entitled," that the various deeds to Sparks and Norton be canceled and for an accounting.

Appellees answered denying all the material allegations of the complaint and by cross-complaint alleged that they were the owners of the land in question and prayed that their respective titles be quieted in them.

The lower court found all the issues in favor of appellees, decreed that title to lots 11, 12 and the south seven acres of lot 4, *supra*, be quieted and confirmed in Roy Sparks "his heirs and assigns as against each and all of the other parties to this suit, their heirs and assigns" and that the title of L. W. Norton to lot 5 likewise be quieted and confirmed in him as against all the other parties herein. From that decree the four minors have appealed.

Appellants say "that the land in controversy constituted the homestead of their deceased father at the time of his death and continued as such in the mother, the surviving widow, and the minor children; that the conveyance by quitclaim deed by Virgie Cole, the widow, if it amounted to anything, would be nothing more than an abandonment of the homestead rights, which would inure to the benefit of the appellants, and a conveyance of her dower interest which would be subordinate to the homestead rights of the children; that said minor children would be entitled to the rents and profits until they severally reached the age of twenty-one." This contention of the appellants is the primary question presented.

The undisputed facts are that Lee Cole acquired this land some time about 1922. He lived on it with his family, including the minor appellants here, until his death in 1936. From the creation of the drainage district until Lee Cole's death, he never paid any of the betterments assessed against his land and as a result the district foreclosed its lien for these delinquent assessments and secured a deed to the property. The sale was made to

the district and the deed acquired before Lee Cole died, and it is conceded that the period within which Lee Cole might have redeemed from the sale to the district had expired for some time before his death and before the deeds were executed in 1937, by the district to the appellees, Sparks and Norton. It also appears that Lee Cole failed to pay any state and county taxes on the land, that it forfeited, was sold to the state and redeemed by Sparks and Norton after they had purchased it from the drainage district. It, therefore, is certain that in February, 1937, when the drainage district sold the land to Sparks and Norton, title was, at that time, absolute in the drainage district, time for redemption having expired prior to Lee Cole's death. In these circumstances, Lee Cole at his death had no interest in the land. He did not own it. Title absolute was in the drainage district. He was permitted to remain on the land by sufferance only. Clearly, in our opinion, no homestead right existed in Lee Cole, or after his death, in his widow and minor children. This court has many times declared that: "The homestead right is a derivative one, and the widow and the minor children have the homestead which the husband and ancestor could have claimed." *Stuckey* v. *Horn,* 132 Ark. 357, 200 S. W. 1025; *Spaulding* v. *Haley,* 101 Ark. 296, 142 S. W. 172.

The record also discloses that the drainage district, by newspaper publications and notices sent out to the various property holders within the district, urged payment of delinquent assessments and offered material reductions to induce such payments, extending the period for payment, from time to time, until December 21, 1936. As noted, Sparks and Norton purchased from the drainage district after December 21, 1936. At the date of their purchase, and as indicated, at the time of Lee Cole's death, February 3, 1936, the children and heirs of Lee Cole had no interest as tenants in common or otherwise in the land herein involved. Title absolute was in the district, the period of redemption having expired. In *Blanton* v. *Jonesboro Building & Loan Association,* 176 Ark. 315, 3 S. W. 2d 964, this court held: "Where land, subject to drainage taxes, was sold to the drainage

district in a suit for delinquent taxes, the proceedings being in all respects valid, the district acquired title to the property under conveyance from the commissioner after the period for redemption had expired." The district had the right to sell to any third party and its deeds to Sparks and Norton were not redemption deeds. The effort of the drainage district to extend the preferential right of purchase to the previous owners of delinquent land within the district could not extend the time allowed for redemption, which, as to drainage districts, has no saving clause in favor of minors. This court in *Deaner* v. *Gwaltney,* 194 Ark. 332, 108 S. W. 2d 600, said: "This right of redemption was given to all owners and was not limited to minors, nor were minors given any right of redemption peculiar to themselves. Minors and all others had the same period of redemption, . . ."

There is the further contention of appellants that since Roy Sparks was the husband of Nettie Cole, one of the heirs of Lee Cole, since a close relationship existed between him and appellee, L. W. Norton, and since Nettie Cole was taken in infancy into the home of Joe Norton, L. W. Norton's father, and reared to womanhood as the foster sister of L. W. Norton, the deeds from the drainage district to Sparks and Norton were redemption deeds and that they held the property in trust for the minor appellants. They further contend that Sparks and Norton procured the land through fraud and at the time they purchased from the drainage district they were acting as the agents of appellants. Much conflicting evidence was offered by the parties on these latter contentions. It could serve no useful purpose to set this testimony out in detail. It suffices to say that we have carefully considered all the facts and we cannot say that the findings of the trial court, which were contrary to appellants' contentions, are against the preponderance of the testimony.

Finding no error, the decree is affirmed.