DENTON v. DENTON.

4-7736                    190 S. W. 2d 291

Opinion delivered November 12, 1945.

*E. G. Ward,* for appellant.

*Arthur Sneed,* for appellee.

McHANEY, J. Appellant brought this action of unlawful detainer against appellees, E. T. Denton and wife, Annie Denton, alleging that she is the owner of a certain one hundred acre tract of land in the eastern district of Clay county and is entitled to the possession thereof; that she rented said land to said appellees for the year 1943 for a portion of the crops grown on said lands, in said year, which said appellees had refused to pay; that after due notice to quit and deliver up the possession thereof said appellees had refused to comply, but unlawfully detain same; and that appellees are indebted to her in the sum of $200 as rent for said year. Judgment was prayed for possession, rents and damages. Appellant gave a delivery bond in the sum of $500 and appellees gave a cross-bond in the same sum to retain possession.

Appellees answered with a general denial and filed a long cross-complaint against appellant, questioning the title of appellant to said lands and her right to the possession thereof. In the view we have of this case, the allegations of the cross-complaint are unimportant and are not herein stated. The object of said cross-complaint was to bring in question appellant's title and right to the possession of said lands.

The undisputed facts disclose that, for the year 1943 on February 25, appellant and said appellees, E. T. and Annie Denton, entered into a written rental contract for said land for said year, by which appellees agreed to pay appellant as rent "the usual crop rents, one-fourth of all cotton delivered and sold at gin, and the customary rents on any and all other crops that said second parties (appellees) may grow on said lands in said year 1943"; that the rents were paid for 1943, but appellant, being desirous of obtaining possession of said lands caused a notice to be served on her said tenants to vacate, which they refused to do; that she then gave the statutory notice to

quit and deliver up possession prior to suit in unlawful detainer, gave the bond required, and appellees gave a cross-bond as above stated.

Trial resulted in an instructed verdict for appellees based on their cross-complaint, and judgment was entered for them.

We think the court erred in entertaining the cross-complaint of appellees. Unlawful detainer is defined by § 6035 of Pope's Digest. Such an action will not lie except where the relation of landlord and tenant exists. *Dortch* v. *Robinson,* 31 Ark. 296, and other cases cited under said § of the Digest. Section 6054 of the Digest provides: "In trials under the provisions of this Act, the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession, and the extent thereof." See *Anderson* v. *Mills,* 40 Ark. 192, and other cases cited under said section.

In *Mo. Pac. R. R. Co.* v. *Bozeman,* 178 Ark. 902, 12 S. W. 2d 895, we quoted with approval the following from *Dunlap* v. *Moose,* 98 Ark. 235, 135 S. W. 824: "The action of unlawful detainer is only to decide the right to the immediate possession of lands and tenements, and not to determine the right or title of the parties to or in them. A tenant cannot dispute the title of his landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title, but must first surrender possession and bring his action." Moreover, as to the cross-action of appellees, under § 6058 of Pope's Digest, it is provided: "No cross-action or actions for the recovery of the possession of premises in litigation by the defendant, or any person claiming under him, against the plaintiff or his lessee shall be brought under this act during the pendency of the first action. Provided, however, that nothing herein shall preclude such party from instituting and prosecuting an action of ejectment for the premises during the pendency of an action under this act." See *DeClerk* v. *Spikes,* 206 Ark. 1004, 178 S. W. 2d 70.

Appellant proved sufficient title on which to base her action of unlawful detainer. She held a deed from E. T.

and Annie Denton and two of the Landers heirs dated September, 1937, and a deed from the Central Clay Drainage District, based on a foreclosure and commissioner's sale to the district in 1932 for the delinquent assessments for 1928 and 1929, and dated October, 1937, both deeds being made to J. E. and Ola Denton, husband and wife, an estate by the entirety. J. E. Denton having died prior to the institution of this action, she succeeded to all his rights and title therein as surviving tenant. Her right of possession was, therefore, sufficiently established on which to base an action for unlawful detainer.

It was conclusively established that the relation of landlord and tenant existed between appellant and appellees, E. T. and Annie Denton, and, under the statutes and decisions of this court above cited, said tenants cannot question the title of their landlord without first surrendering possession and ceasing to be tenants.

The judgment is accordingly reversed and the cause remanded for a new trial to determine the amount of damages, if any, accruing to appellant since 1943, under the cross-bond of appellees by which they have continued in possession, without prejudice to the right of appellees to question appellant's title to said land in an appropriate action for that purpose, as they sought here to do under the allegations of their cross-complaint.