LANDERS *v.* DENTON.

4-8494                                    209 S. W. 2d 300

Opinion delivered March 15, 1948.

*T. A. French* and *Arthur Sneed,* for appellant.

*E. G. Ward,* for appellee.

HOLT, J.  Sidney Landers died May 28, 1928, intestate.  He owned the 100-acre farm involved here.  He left surviving appellant, Annie Landers, his widow, and the other appellants who were his children and grandchildren, one being a minor.  Annie Landers on June 10, 1936, married E. T. Denton and they occupied the property.  Appellee, Ola Denton, married J. E. Denton, the son of Annie Landers' second husband, E. T. Denton.  J. E. Denton died May 30, 1941.

The present suit was filed March 26, 1947, by appellants who alleged ownership of the property as heirs of Sidney Landers subject to the dower and homestead rights of Annie Landers Denton, and prayed that title be confirmed in them.

Appellee, Ola Denton, claimed to be the absolute owner of the property primarily by virtue of a warranty deed from the Central Clay Drainage District of Clay county.

The trial court found the issues in favor of appellee, Ola Denton, that she was "the owner of and entitled

to the possession and the rents and profits from the land involved herein; that defendant (Ola Denton) is entitled to have her said title to said lands quieted and confirmed in her in this cause,'' and entered a decree accordingly. This appeal followed.

It is admitted that Sidney Landers owned the 100-acre tract at his death in 1928 and that it had forfeited to the Central Clay Drainage District of Clay county for failure to pay the assessments of 1928 and 1929 and that the District, through proper foreclosure procedure, had obtained a valid deed, conveying absolute title to it to this property on May 28, 1932, and that its title became absolute following the expiration of the redemption period of two years thereafter.

It is further undisputed that on October 11, 1937, the Drainage District, for a consideration of $400, sold and conveyed this land to appellee, Ola Denton and her husband, J. E. Denton, by warranty deed; and that prior thereto on September 8, 1937, appellants, Annie Landers Denton, E. T. Denton, her husband, Ethel Landers Abbott, and Lloyd Landers executed a warranty deed purporting to convey this same land to J. E. Denton and Ola Denton, husband and wife, for a consideration of $1.00 and other valuable consideration in payment of taxes on said land,'' without any reservations or conditions.

It is further undisputed that appellee and her husband, as tenants by the entirety, following the execution and delivery to them of the deed from the Drainage District October 11, 1937, immediately took possession of the land and for a cash consideration rented it to Annie Landers Denton and her husband, E. T. Denton, by written contract for the year 1938, and again under similar written contracts for the years 1939, 1940, and 1941. Each of said contracts contained a clause waiving rents to permit the lessees, tenants, to obtain loans to finance crops.

Following the death of her husband May 30, 1941, appellee, Ola Denton, continued to rent the property to Annie Landers Denton and her husband for the years

1942 and 1943 under written contracts which contained no provision for waiver of rents. Following the expiration of the 1943 rental contract, the parties failed to agree upon a contract for 1944. Appellee served notice on her tenants to vacate and upon their refusal she prosecuted a suit against them for possession of said land and for all rents due her for the year 1944 and on appeal to this court this relief was granted her, but title to the property was not determined by that suit. (See *Denton v. Denton,* 209 Ark. 301, 190 S. W. 2d 291.)

While still maintaining possession, Annie Landers Denton and E. T. Denton, joined by the other appellants, filed the present suit and as has been indicated claimed ownership of the property and right to possession.

Appellee based her claim of ownership and right to possession to the land involved primarily on the warranty deed from the Central Clay Drainage District of Clay County, Arkansas, of October 11, 1937, and also pleaded adverse possession and laches. Appellants, on the other hand, earnestly contend that while the Drainage District held title to the property by virtue of the tax foreclosure sale and could convey absolute title to appellee, that in the circumstances here, the Drainage District deed amounted to a redemption on the part of appellee, Ola Denton, for the benefit of the heirs of Sidney Landers; that the Warranty Deed, *supra,* of September 8, 1937, made to appellee and her husband by Annie Landers Denton and others should be declared, in effect, an equitable mortgage, and that in any event there was an oral agreement between appellants and appellee that the lands contained in said deed of September 8, 1937, were to be occupied by the appellants, E. T. Denton and his wife, Annie Landers Denton, as long as they should live, rent free.

## (1)

We first consider the effect of the deed from the Drainage District. At the time this deed was executed by the Drainage District to appellee, Ola Denton, and her husband third parties as tenants by the entirety, the District held absolute title with the right to convey. Ola

Denton was a stranger to the land here involved and acquired no interest through the death of Sidney Landers. The Drainage District had the right to convey absolute title to appellee, all rights of minors and of all other interested parties were cut off absolutely by virtue of the tax foreclosure decree, after the redemption period had expired. The sale by the District to appellee was not a redemption, in the circumstances here.

The controlling rule is announced in the recent case of *Cole* v. *Sparks,* 205 Ark. 937, 172 S. W. 2d 20, as follows: ''Where land, subject to drainage taxes, was sold to the drainage district in a suit for delinquent taxes, the proceedings being in all respects valid, the district acquired title to the property under conveyance from the commissioner after the period for redemption had expired. The district had the right to sell to any third party and its deeds to Sparks and Norton were not redemption deeds. The effort of the drainage district to extend the preferential right of purchase to the previous owners of delinquent land within the district could not extend the time allowed for redemption, which, as to drainage districts, has no saving clause in favor of minors. This court in *Deaner* v. *Gwaltney,* 194 Ark. 332, 108 S. W. 2d 600, said: 'This right of redemption was given to all owners and was not limited to minors, nor were minors given any right of redemption peculiar to themselves. Minors and all others had the same period of redemption.' ''

(2)

Appellants' second contention that the deed executed by the widow, Annie Landers Denton, and others to appellee September 8, 1937, was an equitable mortgage is untenable. In the first place, the deed appears regular on its face, is a warranty deed without any reservations or conditions whatever and attempted to convey whatever interest, if any, the grantors claimed. In order to establish it as an equitable mortgage, the rule is well settled that the burden was on appellants to show that it was a mortgage, and the evidence that such was the intention of the parties, must be clear, cogent and convincing. The evidence here, which we think is unnecessary to set out in

detail, falls far short of that character of testimony required to establish an equitable mortgage.

The applicable rule is announced in *Bailey* v. *Frank*, 170 Ark. 610, 280 S. W. 663, where this court said: "The law applicable to such cases is stated in *Edwards* v. *Bond*, 105 Ark. 314, where we said: 'The deed being absolute in form, the burden was upon the appellant to show that it was a mortgage, the law presuming that an instrument is what it appears on its face to be, an absolute conveyance, and, in the absence of fraud or imposition, the proof to overcome this presumption and establish its character as a mortgage must be clear, unequivocal and convincing.' "

In the second place, at the time this deed was executed, title and absolute ownership to this land was, and had been for some years after the period of redemption had expired, in the Drainage District and appellants had no interests in it whatever to convey.

### (3)

Appellants' final contention that there was an oral agreement that Annie Landers Denton and E. T. Denton should occupy the land as long as they should live, rent free, we think is not established by the preponderance of the testimony. In fact, the evidence was directly against such contention since it was undisputed that these two appellants, immediately after appellee and her husband took possession of the land under their 1937 deed from the Drainage District, entered into written contracts with appellee to occupy and farm the property and to pay crop rents for each of the years beginning with 1938 on through 1943, and that they did pay rents for the years following the death of Ola Denton's husband. Why pay rent if there were an agreement that they should occupy the property rent free?

Finding no error, the decree is affirmed.