SCURLOCK, COMMISSIONER *v.* CLARK.

5-488                                                            272 S. W. 2d 58

Opinion delivered November 1, 1954.

J. SEABORN HOLT, J. This is a suit to collect on two checks totaling $1,327.95 for royalty and severance tax alleged due the Arkansas Revenue Department by appellee, Sam R. Clark for sand and gravel alleged to have been taken from the bed of the Ouachita River in Hot Spring County, Arkansas. It is further alleged that the sand and gravel were taken from land leased to Sam Clark.

Appellee entered a general denial and affirmatively denied that the sand and gravel in question were removed from that part of the Ouachita River on which appellee held a lease, denied that there was any consideration for the checks and denied that any royalty was due the State of Arkansas under the terms of said lease. This is the second appeal in this case. In our opinion on the first appeal (*Thompson, Commissioner of Revenues* v. *Clark,* 221 Ark. 955, 257 S. W. 2d 42), we reversed the judgment and remanded the case for a new trial on the ground that the trial court erred in directing a verdict for the defendant, appellee here.

The cause was tried again on February 1, 1954, and at the close of all the testimony, both sides asked for an instructed verdict, whereupon the court directed a verdict for defendant, appellee.

The record reflects that on this second trial, the case was presented on the original complaint, the answer and amendment to the answer. The issues on this second trial were unchanged by the pleadings. The appellant, Revenue Commissioner, was content to introduce only the mandate from this court on the first appeal and rested his case offering no testimony whatever.

Appellee, without raising any question as to the sufficiency of appellant's case, proceeded to introduce evidence as to the checks he had given to the Revenue Commissioner, and other evidence tending to show that the sand and gravel in question were removed from the lands

belonging to George B. Cox and not covered in the lease of the Revenue Department to appellee, Sam Clark. In addition, appellee introduced several witnesses over the strenuous objections and exceptions of appellant in an attempt to prove that the Ouachita River was a non-navigable stream and therefore "sand and gravel taken therefrom were not subject to the severance tax" here involved and that such tax applies only to navigable streams as provided in § 84-2102, Ark. Stats., 1947.

Appellant objected on the ground that the question of non-navigability had not been pleaded and was not an issue in this case.

The introduction of this evidence as to non-navigability was erroneous and highly prejudicial to appellant's rights. Appellee had obtained a sand and gravel lease from the State on the banks of the stream; and while holding as a tenant of the State the appellee could not be heard to dispute the State's title. *Miller* v. *Turney,* 13 Ark. 385; *Bryan* v. *Winburn,* 43 Ark. 28; *Vinson* v. *Flynn,* 64 Ark. 453, 43 S. W. 146, 46 S. W. 186, 39 L. R. A. 415; *Washington* v. *Moore,* 84 Ark. 220, 105 S. W. 253, 120 Am. St. Rep. 29; *Denton* v. *Denton,* 209 Ark. 301, 190 S. W. 2d 291.

While we find that there was other evidence introduced by appellee of a substantial nature, we are unable to determine from the court's judgment whether it was based alone on the ground of non-navigability of the Ouachita River or on other evidence.

The judgment contains these recitals: "That the plaintiff thereafter introduced the mandate of the Arkansas Supreme Court in this case and rested. Thereafter, the defendant introduced the following witnesses: Tom Miller, Dale Haltom, G. C. Spurlin, Sam Clark, Earl Wallace, George Cox and Dean Morley, after which the defendant rested his case.

"That both sides requested an instructed verdict and consented that the jury could be discharged and that the court, sitting as a jury, should try the cause. Where-

upon the court entered an order directing a verdict for the defendant.''

For the error indicated, the judgment is reversed and the cause remanded.

Justices MILLWEE, GEORGE ROSE SMITH and WARD dissent.