Phil G. SMITH *v.* Charles O. CAMPBELL
and Charles K. Childs

CA 99-1314                                  26 S.W.3d 139

Court of Appeals of Arkansas
Division III
Opinion delivered September 6, 2000
[Petition for rehearing denied October 11, 2000.]

*Chet Dunlap*, for appellant.

*Henry S. Wilson*, for appellees.

JOSEPHINE LINKER HART, Judge. Appellant, Phil G. Smith, appeals the trial court's award of summary judgment in an unlawful detainer action and the denial of his motion to remove appellees' attorney. Appellant argues that the trial court erred by determining that there were no genuine issues of fact regarding whether a landlord-tenant relationship existed and that appellees

had title to the property and a consequent right to a reversionary interest in the property. Appellant also argues that it was error for the trial court to hold inapplicable his affirmative defenses based on the statute of frauds and statute of limitations. Further, appellant argues that the trial court erred by ruling that appellees' attorney, a retired judge who served, on occasion, as a special judge, did not violate the Arkansas Rules of Judicial Conduct by representing appellees.

Appellees' complaint for unlawful detainer sought both damages and possession of the real property.[1] Appellees claimed that they rented the property to appellant on a year-to-year tenancy, and appellant, in compliance with the rental agreement, paid rent in 1987 and 1991 through 1994. Thereafter, appellant refused to pay further rent or vacate the property despite notice for him to do so.

In response, appellant filed both an objection to appellees' notice of intention to issue a writ of possession and an answer that alleged appellees were not the true owners of the property and that raised the affirmative defenses of statute of frauds and statute of limitations. Also, appellant counterclaimed and prayed for damages equal to the amount of rent he had paid appellees. Appellees denied appellant's allegations and moved to strike appellant's objection.

After a hearing, the trial court granted the writ of possession and struck from appellant's pleadings the allegations of fraud and the pleading denying appellees' ownership and asserting third-party ownership of the property in dispute. Pending final adjudication, the court order provided that appellant could retain possession of the disputed property by posting a $3,000.00 bond.

Appellant posted the bond, and appellees filed a motion for summary judgment. Appellant's response to that motion asserted that appellees had failed to prove a landlord-tenant relationship existed between the parties and again raised the defenses of statute of frauds and statute of limitations. Appellant admitted in his supporting affidavit that in 1987 and from 1991 to 1994 he made payments to appellees, however, in the winter of 1994 or spring of

---

[1] Prior to final adjudication, Campbell died and the trial court appointed Childs as special administrator and substituted him for the deceased.

1995, he was told by the manager of the drainage district that the property on which the boathouse was located was owned by the drainage district and, thereafter, he paid no additional rent. Initially, the trial court agreed with appellant and denied appellees' motion. However, prior to trial, the court, relying heavily on *Denton v. Denton*, 209 Ark. 301, 190 S.W.2d 291 (1945), reconsidered, and in a letter opinion granted appellees' motion, finding that appellant could not dispute appellees' title without first surrendering possession.

## I. Summary Judgment

■ On appeal, the standard of review of a summary judgment is oft-stated and well-settled. Recently our supreme court stated in *Welch Foods, Inc. v. Chicago Title Ins. Co.*, 341 Ark. 515, 518, 17 S.W.3d 467, 469 (2000):

> Our review of a trial court's summary judgment focuses on whether the evidence presented by the movant left a material question of fact unanswered. *Mashburn v. Meeker Sharkey Financial Group, Inc.*, 339 Ark. 411, 5 S.W.3d 469 (1999). The moving party bears the burden of sustaining the motion, and the proof submitted is viewed in a light most favorable to the party resisting the motion. Once the moving party establishes a prima facie entitlement to summary judgment by affidavits or other supporting documents or depositions, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

*See also* Ark. R. Civ. P. 56.

■ In our view, the trial court properly relied on *Denton* in awarding summary judgment. In *Denton*, the parties entered into a written rental agreement for certain real property. Thereafter, the landlord sent the tenants a notice to vacate. After the tenants refused to vacate, the landlord then filed an unlawful detainer action against the tenants. The tenants counterclaimed and questioned the landlord's title to the disputed property. A trial resulted in a verdict for the tenants based on their counterclaim. The supreme court reversed and stated that "[a] tenant cannot dispute the title of his landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title, but

must first surrender possession and bring his action." *Denton*, 209 Ark. at 303, 190 S.W.2d at 292 (quoting *Dunlap v. Moose*, 98 Ark. 235, 135 S.W. 824 (1911)).

Appellant fails to offer a reason as to why this case is significantly distinguishable from *Denton* or how the law since *Denton* has materially changed. We are, therefore, disposed to apply the rule as stated in *Denton* that appellant must surrender the subject property prior to contesting appellees' title to the property.

■ Appellant argues there is a genuine issue of material fact as to whether there was a landlord–tenant relationship between himself and appellees. He argues that reasonable people could differ as to whether appellees proved two of the common–law elements of such a relationship, specifically that:

> (2) The occupancy of the tenant must be in subordination to the rights of the landlord, and a reversionary interest must remain in the landlord.

> (3) There must be a transmission of the estate to the tenant, and he must gain possession of the demised premises.

*Gray v. Davis*, 270 Ark. 917, 921, 606 S.W.2d 607, 610 (1980) (citing *Love v. Cahn*, 93 Ark. 215, 124 S.W. 259 (1909)). The fallacy with this argument is that the fundamental factual matter upon which these elements are based is whether a landlord has title. As stated, appellant is unable to dispute the appellees' title because he has retained possession of the premises.

■■ In addition, we disagree with appellant that the statute of frauds is a valid defense in this case. Appellant failed to present proof to counter appellees' proof that evidences a landlord–tenant relationship between the parties based on an oral lease agreement that created a year–to–year periodic tenancy. In fact, this conclusion is strengthened by appellant's remarks in both his pleadings and testimony that the payments made in 1987 and from 1991 to 1994 were rental payments. In addition, for such a lease to violate the statute of frauds, it must be for "a longer term than one (1) year . . . " Ark. Code Ann. § 4-59-101(a)(5) (Repl. 1996). A year–to–year periodic tenancy, however, does not violate that provision of the statute of frauds. Although it is possible that a periodic tenancy can violate the statute of frauds, "[v]irtually all periodic tenancies,

however, designate an initial period of one year or less and thus fit within the exception permitting oral leases of one year or less." David A. Thomas, *Thompson on Real Property* § 39.06(a)(4) (Thomas ed. 1994).

■ Finally, we do not agree with appellant's argument that the trial court erred by refusing to apply the statute of limitations. The three-year statute of limitations provided in Ark. Code Ann. § 18-61-104 (1987), "does not begin to run until the cessation of a tenancy." *Sanders v. Hall*, 172 Ark. 1177, 288 S.W. 914, 915 (1926). Viewing the evidence in a light most favorable to appellant, the earliest cessation of the tenancy occurred in 1995. The uncontested proof is that he paid rent for the 1994-1995 period. Accordingly, the unlawful detainer claim, which was filed in 1997, did not violate the aforementioned statute of limitations.

## II. Removal of Appellees' Attorney

Appellant next contends that the trial court erred by denying his motion to disqualify appellees' counsel. He argues that appellees' counsel should be disqualified because he is a former judge and serves from time-to-time as a special judge pursuant to Ark. Const. amend. 77.

■ Unless it can be demonstrated that the court abused its discretion, we will affirm a trial court's order that denies a motion to disqualify an attorney. *See SEECO, Inc. v. Hales*, 334 Ark. 134, 137, 969 S.W.2d 193, 195 (1998) (citing *Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 907 S.W.2d 736 (1995)). Furthermore, "[a]n abuse of discretion may be manifested by an erroneous interpretation of the law." *Id.* (citing *Steward v. McDonald*, 330 Ark. 837, 958 S.W.2d 297 (1997); *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995)).

Although not designed for the purpose of disqualifying an attorney from a case, the Model Rules of Professional Conduct have been used "to determine whether an attorney should be disqualified because of a conflict of interest." *Norman v. Norman*, 333 Ark. 644, 651, 970 S.W.2d 270, 272 (1998). Under the Model Rules, "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer. . . ." Model Rules of Professional Conduct 1.12(a).

■■ In this case, there is no allegation that appellees' attorney violated the aforementioned Rule. Accordingly, we conclude that the trial court did not abuse its discretion and affirm on this issue.

Affirmed.

MEADS and ROAF, JJ., agree.