Judy DAVIS *v.* Tony DAVIS

04-351                                          200 S.W.3d 886

Supreme Court of Arkansas
Opinion delivered January 6, 2005

Center for Arkansas Legal Services, by: Lynn Pence and Dustin Duke, for appellant.

No response.

Tom Glaze, Justice. Appellant Judy Davis brings this appeal after the circuit judge held a hearing and entered an order dismissing Judy's petition for order of protection entered in case number DR 2003-5841. Judy's petition was filed pursuant to the State's Domestic Abuse Act, codified at Ark. Code Ann. § 9-15-101 to -216 (Repl. 2003). The circuit judge initially issued an ex parte temporary order of protection on November 5, 2003, which would have expired on December 4, 2003. However, at a hearing held on December 4, 2003, the judge dismissed the domestic abuse case, number DR 2003-5841, because her husband, appellee Tony Davis, had sued Judy for divorce in a separate case, number DR 2003-6143, in which, on November 26, 2003, the judge had already issued a restraining order enjoining both Judy and Tony "from doing, attempting to do, or threatening to do, any act injuring, mistreating, molesting, or harassing the adverse party, or any of the children of the parties."

In this appeal, Judy raises the following issues:

(1) Did the circuit court misapply the state's Domestic Abuse Act by dismissing Judy's petition for an order of protection just because a mutual restraining order had been entered in the parties' divorce case?

(2) Did the dismissal of Judy's petition for a protection order run contrary to the legislative intent of the Domestic Abuse Act in case number DR2003-5841, because of the mutual restraining order entered in the divorce case number DR2003-6143?

(3) Does the reconciliation of the parties render the above two issues moot?

In our attempt to consider and decide the issues raised on appeal, we are met with considerable difficulty because of the inadequate and confusing record filed in this appeal. At the December 4, 2003, hearing below, in the domestic abuse case number DR 2003-5841, Judy appeared without counsel and Tony appeared with an attorney; however, Judy was the only witness who testified. At the end of Judy's testimony, the judge stated she would dismiss Judy's domestic abuse case and the parties could pursue the dispute in their divorce suit. The judge entered an order dismissing Judy's domestic abuse suit on the same day of the hearing, December 4, 2003. At that hearing, Judy testified that Tony had abused her since 1990, and he recently threatened to beat, choke, and kill her. Judy said that she had prior problems with Tony in 1996 and 1997, but the parties had reconciled.

Judy's testimony at the hearing then led to the custody and visitation problems regarding the parties' four children; two of their children had been born prior to the Davises' marriage in 1994, and two were born during their marriage. Judy testified that the children were living mostly with Tony at his parents' home, and Tony would let her see the children from time to time, but added, "half the time he would not bring the children after he had set a time and place for her to see them." Tony's attorney countered that Tony had not seen the children since October 2003, to which the judge remarked, "That's why you need to set . . . a temporary hearing [in the divorce proceeding]."

After listening to Judy's testimony and Tony's attorney's comments, the circuit judge suggested that the questions concerning custody, visitation, and paternity would have to be worked out in a divorce or separate maintenance action. After Tony's attorney told the judge that Tony had already filed a divorce action, the judge then pointed out to Judy and Tony that they were protected by a mutual restraining order entered in the divorce action which "binds both" parties wherever they may be. The judge then stated the existing restraining order in the divorce case was actually "better" than the domestic abuse order, so what the judge would probably do was to "fold" the domestic abuse action into the divorce case.

The judge then informed Judy that she needed an attorney and that she should request a temporary hearing to be set in the divorce action. Judy said, "OK," and Tony's attorney said, "I understand." The judge admonished Judy and Tony that they did not need to be around each other and the "true cause of action"

for them was one for divorce, whereby the court could fully address all issues, the divorce, paternity, custody, visitation, child support, and abuse, if any. At the hearing's end, the judge invited Judy to get a hearing set and again advised Judy that she would need an attorney. At the judge's urging, the parties quickly asked for a temporary hearing date in the divorce case, DR 2003-6143, and a hearing was set for December 17 — only thirteen days after the December 4th hearing on Judy's petition for a protective order.

The record now before us in this appeal does not reflect anything further regarding the divorce action or what occurred on December 17th. The two separate cases were apparently not formally consolidated at the trial level, although it does appear that the circuit court expressed to the parties that they should seek their relief in the divorce case. It is also clear that the cases were not consolidated in this appeal, nor is there a record of the divorce case in this appeal. If and when the divorce occurred is not shown in the record.

The major hurdles to our reaching and resolving the three issues Judy argues on appeal are that neither Judy nor Tony objected below to anything the circuit court did. In fact, both parties agreed to pursue their paternity, custody, visitation, and restraining order issues in their divorce case, and, as already discussed, the parties obtained a prompt temporary hearing date of December 17, 2003, in the divorce case for such purposes. Judy's objection to the circuit judge's dismissal of Judy's domestic abuse action was asserted only after she obtained attorneys who raised these issues and arguments for the first time on appeal. *See Collins v. Collins*, 347 Ark. 240, 61 S.W.3d 818 (2002).

This appeal is a one-brief case with Tony making no appearance with counsel or filing a responsive brief. Only now, Judy offers an argument that relief and protections are available to the abused party in an order of protection under the State's domestic abuse statute that are not available through the mutual restraining order entered by the circuit court in the divorce case. While this may be true,[1] this issue and argument were not posed to

---

[1] Among other things, Judy argues that anyone who violates a mutual restraining order is subject only to penalties for civil contempt which are less than the penalties provided by the domestic abuse statutes, and the judge misinterpreted and misapplied the statute. Again, Judy did not raise that argument below.

the judge, nor was Tony permitted to testify to rebut Judy's charges, since the parties agreed with, or at the very least acquiesced in, the judge's direction for them to pursue their several and various differences in their divorce suit.

Citing *Smith v. Campbell*, 71 Ark. App. 23, 26 S.W.3d 139 (2000), Judy argues further that a court's erroneous interpretation of the law manifests an abuse of discretion, and contends that is what happened here. *See also Craig v. Carrigo*, 340 Ark. 624, 12 S.W.3d 229 (2000). Once again, however, Judy made no such argument to the judge; in addition, as already mentioned, the parties had a number of marital issues to resolve, and the judge concluded that these matters could best be addressed in the divorce case that was pending at the same time as Judy's petition for a protection order.

Confronted with these facts and the dual actions pending, it is not at all clear that the judge abused her discretion by taking the parties' collective marital problems and directing Judy and Tony to resolve them in the divorce proceeding. In accordance with the judge's instructions, the parties obtained a temporary hearing in the divorce case for December 17, 2003, which was only thirteen days after the December 4, 2003, hearing held in the domestic abuse proceeding.

█ Because the issues raised by Judy in this appeal have not been preserved, we must affirm.

IMBER, J., concurs.

BROWN, J., dissents.

GUNTER, J., not participating.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority that the issues raised by Appellant Judy Davis in this appeal have not been properly preserved for appellate review. I write, however, to note that the record in the divorce proceeding need not be included in order to appeal the trial court's ruling in the domestic abuse case, which is a separate action.

ROBERT L. BROWN, Justice, dissenting. Judy Davis filed a petition *pro se* for an order of protection against domestic abuse based on her husband's actions which included specific threats, a choking incident, an attempt to set her on fire, and ramming her car with another car. The circuit judge dismissed her petition and ruled as

follows after referring to a mutual restraining order which had been entered in a separate divorce action filed by the husband:

> THE COURT: . . . [the mutual restraining order is] better than this domestic abuse order. And the reason it's better is because it protects you wherever you are. This domestic abuse order only pertains to your residence, which, one, is not disclosed, and you don't work. And so it's really not what you need. What you need is the mutual restraining order. It binds both you and Mr. Davis, and it's anywhere. You can be at Wal-Mart, wherever. So it's actually better. So what I'll probably do is fold this case into the other — into the divorce.

It is this ruling and the subsequent dismissal of her petition that Mrs. Davis contests on appeal.

After the ruling, a question was raised by Mr. Davis's attorney about visiting the children, and this colloquy ensued:

> Ms. McKEEL: But if I may inquire, Mr. Davis has not seen the children since October and —
>
> THE COURT: That's why you just need to get it set for a temporary hearing. You're going to need an attorney —
>
> Ms. DAVIS: Okay.
>
> THE COURT: — Ms. Davis. But you just need to get it set —
>
> Ms. McKEEL: Just set it for a temporary hearing?
>
> THE COURT: It's not —
>
> Ms. McKEEL: Okay.
>
> THE COURT: Yeah, it's not that — not in the scope of domestic abuse petitions to try to get that set, for the obvious reason. You get competing Orders out there with different situations. . . .

This discussion and the setting of the temporary hearing in the divorce action dealt with the children and visitation, not with the protection

order against domestic abuse. Though the majority opinion suggests this, at no point do I see where Mrs. Davis agreed that a protection order was not necessary or where she forfeited her right to pursue the issue on appeal.

Because of this, I cannot agree with the majority that Mrs. Davis in any way waived her right to appeal the issue of whether the protection order was improperly denied her. She had certainly made her position known to the circuit judge by filing a petition for a protection order in the first place and then testifying at the hearing. The circuit judge, however, concluded that a mutual restraining order was "better" and gave her reasons for that decision.

The majority seems to suggest that Mrs. Davis needed to object further after the judge's decision. But why? Surely, the majority is not suggesting that this court revert to the days where an attorney was required to "save his or her exceptions" after an adverse ruling. That requirement was abolished by legislative act in 1953. *See* Act 555 of 1953.

Moreover, the issue raised in this appeal is an important one. The circuit judge ruled that a mutual restraining order in a divorce case affords more protection to a battered spouse than an order of protection issued pursuant to the Domestic Abuse Act of 1991, now codified at Arkansas Code Annotated §§ 9-15-101 — 9-15-303 (Repl. 2002 & Supp. 2003). Mrs. Davis contends that this is simply wrong and urges that the circuit judge erred as a matter of law. She asserts, for example, that a protection order is enforced by law enforcement, and violation of such an order is a misdemeanor, all of which is statutory. *See* Ark. Code Ann. § 9-15-207 (Repl. 2002). She also underscores the point that our General Assembly passed the Domestic Abuse Act to assure the safety and protection of victims of domestic violence. *See* Ark. Code Ann. § 9-15-101 (Repl. 2002).

In short, I disagree that Mrs. Davis needed to take the additional step of "objecting" to the dismissal of her petition, as the majority would require, or that she "agreed to" abandon her quest for a protection order, thereby waiving her right to appeal the issue. Such reasoning unduly hampers a petitioner like Mrs. Davis in having a vital issue heard on appeal. Finally, I disagree that Mrs. Davis is raising new issues on appeal. Surely, the circuit judge knew the Domestic Abuse Act is enforced by law enforcement and

carries a misdemeanor sanction. In my opinion, Mrs. Davis has every right to appeal the circuit judge's ruling and the dismissal of her petition.

For these reasons, I respectfully dissent.